UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

KEITH M. SANDS,
Petitioner,

Vs.

UNITED STATES OF AMERICA,
Respondent,

Criminal No:00-CR-0020-T
Civil No:01-cv-0503
(E.C.T.)

Petitioner Now Moves To "Stay Judgments" That Were Made In Violation Of Fed. Rules Crim. Proc 32(h) And Obtained In Violation Of The U.S. Constitution And U.S. Supreme Court Precedent

Comes Now the Petitioner, Keith M. Sands, Whom in the interest of justice, now moves this Federal Court to invoke its extraordinary judicial power delegated by Congress under title 28 U.S.C. 1651 "All Writs" to inquire into this complete miscarriage of justice that is unlawfully prolonging duration of this Petitioners sentence. It should be first duly noted: that this Petitioner is not claiming that he is "actually innocent" of the charged Offenses, he is, however, moving this Honorable Court to"Stay The Judgments" that were made in violation of Fed. Rules Crim. Proc.32 (h) and those Judgments that were obtained in violation of the U.S. Constitution, and oversight of the U.S. Supreme Courts precedent.

(1) Where the law was not earlier clear on these rules and constitutional issues, this Federal court should "Stay" it earlier judgments that are an obvious violation of Fed.Rules Crim. Proc.32(h) and violates the Fifth Amendment right to Due-process, and ignores the U.S. Supreme courts admonition in Burns Vs. U.S. 501 US. 129 (1991) U.S. Vs. Banks, 3d.Cir. No:05-1715, 6/20/06.

(2) Petitioner moves this Honorable Court to "Stay" these earlier Judgments because it is now-even more clear- that these judgments intrude deeply upon the Fifth Amendment rights to proof beyoud a reasonable doubt, and the Sixth Amendment right to trial by jury on every fact necessary for imposition of punishment, specially where those facts punished were not indicted.

(3) Petitioner also moves this Court to "Stay Its Judgment" to review its earlier assertion that: this Court sentence did not exceed the "Statutory Maximum" sentence, where it is **now even more clear that this District Court clearly mis-understood exactly what the U.S. Supreme Court meant by the phraise "Statutory Maxmimum" first announed in Apprendi Vs. New Jersey.**

(4) Last, but not least, it is Mandated that this Federal Court "Stay It Earlier Judgment" where that judgment denied an "Evidentiary Hearing" on the issue of whether the trial Counsel violated the U.S. Supreme Courts holding in Roe Vs. Flores-Ortega, 528 US. 470 (2000) by "failing to file the requested Notice Of Appeal" and not filing an Ander's Brief.

**Procedural History**
**Facts Of The Case**

On June 30th/2000, about four days after the U.S. Supreme Courts decision in Apprendi Vs. New Jersey, 530 US 466, 120 S.ct. 2348 (2000) this petitioner appeared before the Honorable Chief Judge Ernest C. Torres in the U.S. District Court Of Rhode Island.

Represented by a Court appointed Attorney, Petitioner entered a Plea Of guilty to counts One, and Four of the indictment.

The indictment, as written, only recited violations of title 21 U.S.C. 841 (a)(1).

The overt acts in the indictment to these two counts only describes the type and quantities involved as (0.3 grams of powder cocaine) and (7.48 grams of crack cocaine).

Petitioner was notified by Counsel, that if he plead guilty he would be appraised at Offense level 26, with a criminal history category 3, for a total of 78 to 97 months, and a possible 3 level downward departure for acceptance of responsibility. Followed by 3 years of "Supervised Release".

Expecting the above sentence, Petitioner entered his plea without any objections.

However, on or about 10/20/2000 at the "sentencing Hearing", still using the prepondereпce of evidence standard, after Apprendi, the Judge ( instead of the Grand Jury/or the petty jury) determined that this Petitioner should be attributed 20 to 35 grams of crack cocaine, instead of the 7.48 grams indicted..... This late determination, made by the Judge, after the plea was already entered, increased the quantity of drugs to be punished, and it was done in violation of both, Rule 32(h) and the Burns decision @ 501 US 129,

In short, the Judge departed upward from Offense level 26, category 3, 97 months, up to level **30, 124 months,** (a total of 27 months without any of the "due-process Notice afforded by rule 32(h) or the Supreme Courts admonition in Burns. Not only does this determination made by the Judge violated the Sixth Amendment right to trial by jury on the unindicted-disputed issue of quantity, it is also a directed verdict by the Government, for the Government, by the preponderence of evidence in violation of In Re, Winship, 397 US. 358 (1970) and Apprendi, supra.

Further, in violation of Burns and rule 32 (h), and still unlawfully using the "Preponderence Of Evidence Standard" without due-process "notice" or any meaningful opportunity to challenge the prior convictions to be used, the Judge determined that this Petitioner should be punished as a "Career Offender" pursuant to the U.S. Sentencing Guidelines 4B1.1 , circumventing the "notice requirements of 21 U.S.C. 851". Thereafter, the unlawful 124 months then became 248 months after an alleged 3 level downward departure for acceptance of responsibility.

Hence, this Petitioner is now serving 188 months incarceration, followed by 60 months "Supervised Release", a total of 248 months ......

And still, this Court claims, in its "Memorandum And Order" dated 4/14/02, page 5, that "Apprendi was not violated" so long as-the sentence imposed, and the fact-finding made, did not exceed the "Statutory Maximum" of (b)(1)(c).

These judgments, in the interest of justice, fundamental fairness, and integrity of this Court, should be hereby "Stayed".... for it has been since widely recognized that most Federal Courts simply mis-understood the phraise "Statutory Maximum"..... and the Courts also mis-understood the ful purpose of creating a "Pre-sumptive Guideline Range".

Due-Process guarantees to all defendants the right to be sentenced under an accurate understanding of the law, 5th, and 14th amendments, see U.S. Vs. Eakman, 378 F.3d. 294 (3rd.Cir.2004)

This clear misunderstanding of the law that was first announed in the Apprendi case, regarding the phraise "Statutory Maximum" has since resulted in many unlawful applications of the U.S. Sentencing Guidelines where the Federal Courts continued to overlook the U.S. Supreme Courts holdings in such cases as Stinson Vs. U.S. 123 L.Ed.2d. 598 (1993) wherein it was

..........held, that the U.S. Sentencing Guidelines are authoritative, **unless or until** the application thereof violates the Federal Constitution or a Federal Statute, or is applied inconsistent therewith, see Stinson Id. @ 600.

Where recent devolopments in all Federal Circiuts has since made clear that "the relevant maximum" for Apprendi purposes, **is not** the maximum sentence a judge may impose **after finding additional factors** that may enhance the base Offense Level, **but the maximum he may impose without any additional factors added to the base Offense Level,** this Court should "Stay" it earlier judgments based on this misunderstanding.....because the error is now "plain" and it has substantially affected this Petitioner's Fifth, Sixth, and Fourteeth amendment rights, see Johnson Vs. U.S. 520 US. 461 (1997).

This U.S. District Court has authority pursuant to title 28 U.S.C. 1651 to reconsider its earlier judgments where **no certificate of appealability was ever granted on these issues.**

A "Stay Of Judgments" is particularly warranted where this Court is now faced with extraordinary circumstances, and realization that a complete miscarriage of justice would ensue in the absence of this Courts reconsideration of the matter, see Hemstreet Vs. Greiner, 378 F.3d. 265 (2nd.Cir.2004).

At a bare minimum, this Petitioner is entitled to "an Evidentiary Hearing" where the U.S. Supreme Court has made it clear, that a defendant is entitled to a judicial inquiry into the matter where defense Counsel "fails to file a requested Notice Of Appeal" see Roe Vs. Flores-Ortega, 528 US. 470 (2000). In accordance with the Plea Agreement, this Petitioner may-have waived his right to Appeal his "Conviction", however, but, it can not be said that he knowingly or intelligently waived his right to appeal a "sentence" that had not yet been imposed......

## Conclusion

**Henceforth,** the trial Attorney should have filed the "Notice Of Appeal" as was requested, regardless to whether, in his opinion this Petitioner would have prevailed. It was not his Job to surmise.. before deciding whether or not to file the requested appeal, for he alone, can not supplant his determination for what a three Judge Panel on direct appeal-would have done.....**if he had done what was requested... If he believed that Petitioner would not have prevailed, then he is required by law, to ...file the Notice Of Appeal, and an <u>Ander's</u> Brief.**

Wherefore all of the herein written reasons, inter-alia, Petitioner prays that this Court "Stay It earlier Judgments" regarding the unlawfully imposed sentence, or, at a bare minimum, grant the requested evidentiary hearing to determine whether Counsel violated the U.S. Supreme courts established rule in <u>Roe Vs. Flores-Ortega</u>,.......

Respectfully Submitted
by KEITH SANDS # 04823070
U.S. Penitentiary, Canaan. P.O. Box 300
Waymart. P.A. 18472

## Certification Of Service

I K.N.S. Certify that a true copy of this Writ Of All Writ was mailed, postage pre-paid, to the U.S. Attorneys Office, for the District Of Rhode Island, at FLEET CENTRE, 50 KENNEDY PLAZA 8TH FLOOR PROVIDENCE, RHODE ISLAND 02903
on this date of 8/14/2006.

I K.N.S. Certify that the herein written is true and correct pursuant to title 28 U.S.C. 1746.

**UNITED STATES OF AMERICA, Plaintiff-Appellee, v. JESUS NORBERTO EVANS-MARTINEZ, Defendant-Appellant.**
**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**
**448 F.3d 1163; 2006 U.S. App. LEXIS 13498**
**No. 05-10280**
**June 1, 2006, Filed**

**Editorial Information: Prior History**

Appeal from the United States District Court for the District of Hawaii. D.C. No. CR-03-00187-DAE. David A. Ezra, District Judge, Presiding.

**Counsel** Peter C. Wolff, Jr., Federal Public Defender and Alexander Silvert, First Assistant Federal Public Defender, Honolulu, Hawaii, for the defendant-appellant.
Edward J. Kubo, Jr., United States Attorney and Lawrence L. Tong, Assistant United States Attorney, Honolulu, Hawaii, for the plaintiff-appellee.

**Judges:** Before: Robert R. Beezer and Raymond C. Fisher, Circuit Judges, and Robert J. Timlin,* Senior District Judge. Opinion by Judge Beezer.

**Opinion**

**Opinion by:** Robert R. Beezer

**{448 F.3d 1164}** BEEZER, Circuit Judge:

Defendant Jesus Evans-Martinez was sentenced to 15 years imprisonment after pleading guilty to sexual abuse of a minor, sexual exploitation of minors and witness tampering. Evans-Martinez timely appeals his sentence on the ground that the district court failed to provide adequate notice of its intent to sentence him above the term suggested by the Sentencing Guidelines. FED. R. CRIM. P. 32(h) requires that a district court provide notice of the potential it will sentence outside the Sentencing Guidelines range. We have not yet had occasion to decide whether this requirement survives *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005) .

We hold that it does. We vacate the sentence and remand for resentencing.

© 2006 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

The court determined, however, that the motion only "released" it from its obligation to impose a sentence at or above the mandatory minimum sentence of 10 years and that it was still able to sentence Evans-Martinez up to the statutory maximum of 20 years. The district court commented on the disturbing nature of the case and summarized the facts as they were related in the presentence report. Taking into account Evans-Martinez's cooperation, the court then sentenced him to a term of 15 years and a period of supervised release.

II

Pre-*Booker*, we reviewed the adequacy of a district court's notice of its intent to upwardly depart de novo. *United States v. Hernandez*, 251 F.3d 1247, 1250 (9th Cir. 2001) . Because Evans-Martinez failed to object at sentencing to the adequacy of notice his claim is reviewed for plain error. *Id.*1

"Plain error is '(1) error, (2) that is plain, and (3) that affects substantial rights.'" *United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir. 2005) (en banc) (quoting *United States v. Cotton*, 535 U.S. 625, 631, 122 S. Ct. 1781, 152 L. Ed. 2d 860 (2002)) . If the failure to provide notice is plain error, we will grant relief if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quoting *Cotton*, 535 U.S. at 631 ).

In *Burns v. United States*, 501 U.S. 129, 138, 111 S. Ct. 2182, 115 L. Ed. 2d 123 (1991) , the Supreme Court holds that "before the district court can depart upward on a ground not identified as a ground for upward departure either in the presentence report or in a prehearing submission by the Government, Rule 32 requires that the district court give the parties reasonable notice that it is contemplating such a ruling." The Supreme Court further holds that "[t]his notice must specifically identify the ground on which the district court is contemplating an upward departure." *Id.* at 138-39 . The Court's decision in *Burns* was incorporated into the Federal Rules of Criminal Procedure in the form of Rule 32(h) by amendment in 2002. FED. R. CRIM. P. 32(h) advisory committee's note. Rule 32(h) requires that "[b]efore the court may depart from the applicable sentencing range on a **{448 F.3d 1167}** ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure." Rule 32(h) further requires that the notice "specify any ground on which the court is contemplating a departure."

Although we have not previously held that the notice requirement of Rule 32(h) survives *Booker*, the Government conceded at oral argument that the district court's failure to provide notice constitutes plain error. We hold Rule 32(h) requires that a district court provide notice of its intent to sentence outside the range suggested by the Guidelines post-*Booker*, as it did pre-*Booker*.2 *Accord United States v. Dozier*, 444 F.3d 1215 (10th Cir. 2006) .

The district court's plain error in failing to provide notice of its intent to sentence above the Guideline range "seriously affect[ed] the fairness, integrity, or public reputation" of the sentencing proceeding. *See Ameline*, 409 F.3d at 1078 . In *Burns*, the Supreme Court justifies the notice requirement by explaining that Rule 32 "contemplates full adversary testing of the issues relevant to a Guideline sentence[.]" 501 U.S. at 135 . Because Rule 32 affords the defendant the right to comment on an upward departure, the Court reasons that it is only appropriate that a defendant be notified the district court is considering such a departure. *Id.* at 135-36 . Otherwise, defense counsel, "reluctant to suggest such a possibility[,]" might not comment on potential grounds for an upward departure and "a critical sentencing determination [would] go untested by the adversarial process[.]" *Id.* at 137 .

This rationale is unaffected by *Booker*'s mandate that the Guidelines be applied in an advisory fashion. Post-*Booker*, the district court must correctly calculate the applicable range, which serves as a "starting point" in sentencing. *United States v. Zavala*, 443 F.3d 1165, 1169 (9th Cir. 2006) . The district court then has the discretion to sentence both above and below the range suggested by the Guidelines. *United States v. Cantrell*, 433 F.3d 1269, 1280 (9th Cir. 2006) . Parties must receive

© 2006 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

notice the court is contemplating such a possibility in order to ensure that issues with the potential to impact sentencing are fully aired. Evans-Martinez did not receive explicit notice that the district court was contemplating sentencing him above the 10 year term suggested by the Guidelines; in fact he expected the exact opposite in light of the Government's statement in the plea agreement that it intended to move for a downward departure. We cannot be confident that the issues which impacted sentencing were thoroughly tested as intended under Rule 32(h) . Accordingly, we remand for resentencing.3

At resentencing, the district court should apply the Guidelines in a discretionary manner as directed by the Supreme Court in *Booker*. *See* 543 U.S. at 261 . We reject Evans-Martinez's argument that the district court should **{448 F.3d 1168}** treat the Sentencing Guidelines as mandatory on the basis of the plea agreement. Although the parties entered into the plea agreement pre-*Booker* and the agreement memorialized the then-existing state of the law that the Guidelines would apply, the district court sentenced Evans-Martinez post-*Booker*. The presentence report was amended to reflect the change in law *Booker* effected and the district court treated the Guidelines as advisory during sentencing. Evans-Martinez failed to object to *Booker*'s applicability either before or at the time of sentencing and we decline to grant the provision of the plea agreement a significance now that it did not enjoy then. The district court should sentence Evans-Martinez in a manner consistent with this opinion and *Booker*. *See* *United States v. Mix*, 442 F.3d 1191, 1195 (9th Cir. 2006) .

III

The district court failed to provide notice of its intent to sentence outside the range suggested by the Sentencing Guidelines as required by Rule 32(h) .

We VACATE the sentence and REMAND for resentencing consistent with this opinion.

© 2006 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.