**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **KEITH M. SANDS, JR.** | : | |
| | : | |
| **v.** | : | **CA. No. 01-503T** |
| | : | |
| **UNITED STATES OF AMERICA** | : | |

**Government's Objection to Defendant's Motion Entitled, "Petitioner Now Moves to 'Stay Judgments' That Were Made in Violation of Fed. Rules Crim. Proc 32(h) And Obtained In Violation Of The U.S. Constitution and U.S. Supreme Court Precedent."**

## I. INTRODUCTION

Acting Pro-Se, Keith M. Sands ("Sands"), filed this motion in criminal case number 00-Cr-020-T and in civil matter number 01-CV-0503. Relying in error on the All Writs Act, 28 U.S.C. § 1651, he asks this court to "stay the judgments" in those cases.

The criminal judgment Sands wants stayed is his original conviction and sentence from the year 2000. The civil action that he asks the court to stay might be the denial of his Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 ("first § 2255 Petition"), or the orders denying his requests for a Certificate of Appealability ("COA"), or the denial of his motion styled, "Pursuant To Fed. Rules Civ., Proc., 60(b) This Pro-Se Petitioner Moves For Vacatur Of This Courts Judgment Denying His Habeas Corpus, And Denying The Requested Certificate Of Appealability," ("R. 60(b) Motion")or other

ancillary matters, all filed under C.A. No. 01-503-T.

In his newest motion, Sands alleges that he is entitled to relief under the All Writs Act ("All Writs Petition") based on violations of his rights that allegedly occurred at his sentencing six years ago. They also happened prior to his first § 2255 Petition, his R. 60 (b) Motion, his requests for COA's and his appeals therefrom, as well as his several requests to file second and subsequent § 2255 Petitions.

The United States maintains that the All Writs Act does not supply this court with jurisdiction to entertain Sands' motion. This is just another of Sands' many procedurally abusive attempts to circumvent the gate keeping provisions of The Anti-Effective Death Penalty Act ("AEDPA") and his repeated attempts to re-litigate issues previously decided.

## II. TRAVEL[1]

On February 29, 2000 a Federal Grand Jury returned a four count Indictment charging Sands with a variety of drug charges (App at 6). Sands plead guilty to all four counts on June 30, 2000 (App at 7). On October 20, 2000 Sands was sentenced to 188 months imprisonment (App at 7).

[1] A copy of the docket in this case is appended as "Exhibit 1". All exhibits in the appended material are separately paginated for ease of reference and are cited as "App at __."

Judgment entered on October 27, 2000 (App at 8). Sands filed no appeal. Just prior to the expiration of the one year period of limitations, Sands filed his first § 2255 Petition on October 18, 2001 (App at 8,11).

In his first § 2255 Petition Sands advanced five arguments to support his complaint that his fifteen year sentence was unconstitutional. Sands contended that:

> 1) the court lacked jurisdiction to convict or sentence him because the indictment omitted some elements of the crimes charged; namely, the type and quantity of drugs at issue and that it failed to reference the penalty provisions enumerated in 28 U.S.C. § 841(b); 2) under Apprendi v. New Jersey, 530 U.S. 466 (2000) the court lacked jurisdiction to impose a sentence greater than the so called "default penalty" contained in § 841(b)(1)(c); 3) under Apprendi, 21 U.S.C. §§ 841(b)(1)(A) and (b)(1)(B) are facially unconstitutional; 4) his sentence was enhanced based upon his prior criminal convictions without the notice required by The Due Process Clause of the 5th Amendment and 21 U.S.C. § 851; 5) his defense counsel was ineffective in failing to raise the above issues and in advising him to plead Guilty (App at 34-35).[2]

Sands' first § 2255 Petition was denied on April 4, 2002 (App at 11 and 34-43).

On May 5, 2002 Sands simultaneously appealed that decision and sought a COA (App at 8,11). Sands was denied a COA by the

---

[2] Memorandum and Order Denying Sands first § 2255 Petition appended as Exhibit 2 (App at 34-43).

District Court on August 2, 2002 (App at 12). After several procedural missteps and the entry of several default orders, on October 24, 2002, the First Circuit denied Sands' request for a COA and terminated his appeal (App at 16-19). The Court noted:

> Federal Prisoner Keith M. Sands moves this court for a Certificate of Appealability (COA)", following the District Court's denial of his 28 U.S.C. § 2255 motion. In order to obtain a COA, an applicant must make a substantial showing of the denial of a Constitutional Right. 28 U.S.C. § 2253 (c)(2). Sands has failed to make the required showing on his claims of a purported violation of Apprendi v. New Jersey, 530 U.S. 466 (2000), a due process violation under 21 U.S.C. § 851 and a related claim of ineffective assistance of counsel. (App at 19).

Undeterred, on November 18, 2002 Sands petitioned for a rehearing (App at 19). That motion was denied on December 5, 2002 (App at 19). Sands then filed a motion to stay the mandate (App at 19). That motion too was denied on January 14, 2003 (App at 20).

Meanwhile, Sands began firing another salvo in the District Court. On December 19, 2002 Sands filed his R. 60(b) Motion. (App at 44). The R. 60(b) Motion repeated his prior arguments under the guise of advancing a "new" complaint that both the District Court and the Court of Appeals had not fully appreciated his argument. Sands reasoned,"... both courts have obviously overlooked ... [Supreme Court precedent]." Hence, Sands' R.

60(b) motion asked for nothing more than reconsideration.[3]

The government responded:

> The motion raises no new issues which were not previously adjudicated by the District Court and the First Circuit Court of Appeals. As Sands concedes, both the District Court and the Court of Appeals have ruled on his issues. Therefore no further action is required on this case. To the extent that this motion is an attempt to re-litigate his original section 2255 filing or to file a second 2255 petition, Sands should comply with the requirements of the AEDPA for second and subsequent section 2255 petitions." (App at 45)

The district court agreed, and on January 14, 2003 denied Sands' R. 60(b) Motion. The Court file stamped Sands' motion as denied, "for the reasons stated in the government's memo" (App at 46). Sand's filed a "Traverse" the next day.

The denial of his R. 60(b) Motion prompted Sands to file another appeal (App at 22). On April 9, 2003 the First Circuit informed Sands that, he was required to apply for a COA and to provide status report every 30 days (App at 23). On May 15, 2003 Sands advised the Circuit that the District Court had denied his request (App at 24).

On July 2, 2003 the First Circuit also denied Sands' request for a COA. The Court observed that Sands had again failed to make the required showing. The First Circuit characterized his assertion that the District Court overlooked Supreme Court

---

[3] The R. 60(b) Motion is docketed as a "Motion for Reconsideration" (App at 12). The title page of the motion, the government's response, and the Court Order denying the motion are appended as exhibit 3. (App at 44-46).

precedent as, "unavailing" (App at 25). Again undeterred, Sands sought review by the United States Supreme Court (App at 25). That Petition for a Writ of Certiorari was denied by the Supreme Court on April 8, 2004 (App at 26).

Still not satisfied that his claims had been fully and fairly litigated, Sands next filed a motion with the First Circuit for permission to file a successive motion under 28 U.S.C. § 2255. This time Sands was relying on Blakely v. United States, 124 S.Ct. 2531 (2004). On September 27, 2004 the First Circuit denied the application without prejudice, observing that Blakely had not been made retroactive by the Supreme Court. The Court allowed, "if the Supreme Court eventually makes the [Blakely] rule retroactive, [Sands] may at that time attempt a claim by second or successive section 2255 petition" (App at 29). Unbowed, Sands asked for reconsideration. On October 28, 2004 the Circuit dismissed that motion (App at 30).

On March 4, 2005 Sands tried his hand yet again. On that date he petitioned, "for permission to file a successive motion to vacate under 28 U.S.C. § 2244 seeking review of an earlier application that was dismissed without prejudice." This time Sands relied on United States v. Booker, 125 S.Ct. 738 (2005). The First Circuit again denied the application observing that Booker was not made retroactive but again allowing, "if the Supreme Court eventually makes the Booker rule retroactive, Sands

may at that time attempt a claim by second or successive section 2255 petition" (App at 33).

**III. ARGUMENT**

Sands newest motion, the All Writs Motion, "To 'Stay Judgments' That Were Made In Violation Fed. Rules Crim. Proc 32(h) And Obtained In Violation Of U.S. Constitution And U.S. Supreme Court Precedent" comes full circle. Sands returns to his original argument alleging an Apprendi violation. He now claims, perhaps for the first time, that he was also denied Due Process because he was not given the notice due him under Rule 32(h).[4] He further alleges that he was denied effective assistance because his lawyer failed to file an appeal six years ago.[5]

Rule 32(h) is simply inapplicable. It is a procedural rule regulating the conduct of sentencing hearings. Subsection (h) specifies that defendants are entitled to notice of any possible guideline departures. Sands was sentenced as a career offender within the guideline range of 188-235 months as a Level 31

---

[4] In his first § 2255 Petition Sands advanced a Fifth Amendment Due Process claim for failure to give notice under 18 U.S.C. § 851. The United States has not undertaken an analysis of whether this is indeed a "new" complaint, a decided issue, or a defaulted claim, because Sands cannot prevail in any event.

[5] Sands does not even attempt to explain why any of these "new" arguments, if they are "new", were not raised earlier. Indeed, he accused his attorney of ineffective assistance in his first § 2255 Petition. However his complaint then, was for not raising these issues below, not for failing to perfect an appeal.

Category VI offender. He was not sentenced on the basis of a departure. Since Sands was sentenced within the guideline range, in fact at the bottom of the range, it is unclear what departure he claims he should have received notice of prior to sentencing.

While Sands cites a variety of somewhat dated cases to advance his constitutional claims, he seems to rely principally on his allegation of an Apprendi violation. Apprendi v. New Jersey, 530 U.S. 466 (2000). Sands also ultimately relies on Roe v. Flores-Ortega, 528 U.S. 470 (2000) to make the argument that, because his trial attorney did not file a notice of appeal to preserve his Apprendi and Rule 32(h) claims, as instructed, he is now entitled to a hearing on that issue. Based on these complaints and on jurisdiction allegedly supplied by the All Writs Act, Sands asks this court to "'Stay' it (sic) earlier judgments ..."

The Apprendi and effectiveness issues have been long since decided or were waived. Even if they were not, procedurally, Sands improperly attempts to circumvent the gate keeping requirement of the AEDPA by framing his motion as a motion under the All Writs Act. However, such an attempt must fail. When determining whether a motion has been properly named, the courts should look to the subject-matter of the application, not the label placed on it by the applicant. Chambers v. United States, 106 F.3d 472, 475 (2nd Cir. 1997); Tyler v. United States, 929

F.2d 451, 453 (9th Cir.) cert. denied, 502 U.S. 845 (1991); and Solsona v. Warden, 821 F.2d 1129, 1132 (5th Cir. 1987).

The Third Circuit also held that substance controls over caption. United States v. Lloyd, 398 F.2d 978 (3rd cir. 2005). In that case, the court put it succinctly,

> "Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255, ¶ 1, is a motion under § 2255, no matter what title the prisoner plasters on the cover. Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram obis, audita querela, certiorari, capias habeas corpus, ejectment, quare imped it, bill of review, writ of error, or an application for a Get-Out-of Jail Card; the name makes no difference. It is substance that controls,"

Id. At 979-80 (citations omitted).

Sands' attempt to vest this Court with jurisdiction by invoking the All Writs Act also fails in substance. The relevent portion of that Act provides that, "The Supreme Court and all courts established by act of Congress may issue all Writs necessary or appropriate in aid of their respective jurisdiction and agreeable to the usages and principals of law." By procedurally sidestepping the AEDPA, Sands' improper use of The All Writs Act does not aid the Court but rather attempts to defeat the principals of law so clearly delineated by Congress in the AEDPA.

"The All Writs Act is a residual source of authority that

are not otherwise covered by statute. Where a statute specifically addresses a particular issue at hand, it is that authority and not the All Writs Act, that is controlling." Carlisle v. United States, 517 U.S. 416, 429 (1996). Citing that language from Carlisle, the First Circuit decided similarly in United States v. Barrett, 178 F.3d 34 (1st Cir. 1999).

In Barrett the First Circuit also observed, in keeping with its prior decision, Aetna Cas. & Sur. Co. v. Markarain, 114 F.3d 346, 350 (1st Cir. 1997), "The All Writs Act does not authorize [Federal Courts] to issue ad hoc Writs whenever compliance with the statutory procedures appears inconvenIant or less appropriate." In Barrett the First Circuit specifically said, "the fact that section 2255 bars [a] second petition at its inception does not make that provision any less controlling." United States v. Barrett, 178 F.3d at 55.

Therefore, just because Sands did not succeed in any of his many post conviction and appellate filings does not allow him to invoke the powers of the All Writs Act simply because he did not obtain the relief that he sought. He had statutory and appellate remedies which he pursued and which were denied. He may not now re-litigate all his earlier claims or assert new claims through the All Writs Act simply because he has not obtained the result that he wanted nor permission to pursue a second or subsequent section 2255.

**IV. CONCLUSION**

Sands' Motion should be denied because his claims have been fully and fairly litigated and he has not established any jurisdictional basis upon which to vest this Court with authority to review, reconsider, or relitigate those claims. Sands Motion should be denied and dismissed.

Respectfully submitted

UNITED STATES OF AMERICA
By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/Gerard B. Sullivan
GERARD B. SULLIVAN, RI Bar #3134
Assistant U.S. Attorney
U.S. Attorney's Office
50 Kennedy Plaza, 8th Fl
Providence, RI 02903
(401)709-5000
(401)709-5001) (Fax)
email:gerard.sullivan@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of October, 2006, I caused the within Government's Objection to Defendant's Motion "Petitioner Now Moves to 'Stay Judgment' That were made in Violation of Fed. Rules Crim. Proc. 32(h) and Obtained in Violation of the U.S. Constitution and U.S. Supreme Court Precedent" to be electronically filed with the United States District Court for the District Court of Rhode Island, using the CM/ECF System.

I further certify that a copy was mailed via regular mail to:

Keith Sands, Jr.
Reg. #04823-070
FCI Allenwood
P.O. Box 2500
White Deer, PA 17887-2000

/s/Gerard B. Sullivan
Gerard B. Sullivan, RI Bar #3134
Assistant U.S. Attorney
Assistant U.S. Attorney
U.S. Attorney's Office
50 Kennedy Plaza, 8th Fl
Providence, RI 02903
(401)709-5000
(401)709-5001) (Fax)
email:gerard.sullivan@usdoj.gov

# U.S. Party/Case Index

## All Types Name Search Results

**10 Total Party matches for selection SANDS, KEITH for ALL COURTS**
**Search Complete**
**Fri Sep 1 11:24:02 CDT 2006**
**Selections 1 through 10 (Page 1)**

Download (1 pages $ 0.00)

### Bankruptcy Cases

| | Name | Court | Case No. | Filed | Chapter |
|---|---|---|---|---|---|
| 1 | SANDS, KEITH | njbke | 04-25828 | 05/07/2004 | 13 |
| | KEITH SANDS AND GAYLE SANDS | | | | |
| 2 | SANDS, KEITH | sdbke | 04-41191 | 09/14/2004 | 7 |
| | RUSSELL K. SANDS AND MARLYS L. SANDS | | | | |
| 3 | SANDS, KEITH ADEN | gasbke | 02-21624 | 10/21/2002 | 7 |
| | KEITH ADEN SANDS AND LORI SANDS | | | | |

### Civil Cases

| | Name | Court | Case No. | Filed | NOS | Closed |
|---|---|---|---|---|---|---|
| 4 | SANDS, KEITH M., JR. | ridce | 1:2001cv00503 | 10/18/2001 | 510 | 04/04/2002 |
| | Sands, et al v. United States | | | | | |

### Criminal Cases

| | Name | Court | Case No. | Filed | Closed |
|---|---|---|---|---|---|
| 5 | SANDS, KEITH M., JR. | ridce | 1:2000mj00012 | 02/02/2000 | |
| | USA v. Sands | | | | |
| 6 | SANDS, KEITH M., JR. | ridce | 1:2000cr00020 | 02/29/2000 | 10/20/2000 |
| | USA v. Sands | | | | |

### Appellate Cases

| | Name | Court | Case No. | Filed | NOS | Closed |
|---|---|---|---|---|---|---|
| 7 | SANDS, KEITH M. | 01ca | 02-1597 | 05/20/2002 | 2510 | 10/24/2002 |
| | SANDS vs. US | | | | | |
| 8 | SANDS, KEITH M. | 01ca | 03-1378 | 03/27/2003 | 2510 | 07/02/2003 |
| | SANDS vs. US | | | | | |
| 9 | SANDS, KEITH M. | 01ca | 04-2130 | 08/25/2004 | 0 | 09/27/2004 |
| | SANDS vs. US | | | | | |
| 10 | SANDS, KEITH M. | 01ca | 05-1280 | 03/04/2005 | 0 | 03/22/2005 |
| | SANDS vs. US | | | | | |

**PACER Service Center**

## Transaction Receipt

| Transaction Receipt | | | |
|---|---|---|---|
| 09/01/2006 11:24:02 | | | |
| **PACER Login:** | us0556 | **Client Code:** | |
| **Description:** | All Types srch pg 1 | **Search Criteria:** | SANDS, KEITH |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

**U.S. Party/Case Index - Home**

**Search:** All Court Types | Appellate | Bankruptcy | Civil | Criminal
**Reports:** Court Code List | Date Range | Courts not on Index | Statistical Reports
**User Options:** Change Client Code | New Login | Billing History | PSC Home Page | E-Mail PSC | Logout

Help

2

CLOSED, PRIOR, RWL

# U.S. District Court
# District of Rhode Island (Providence)
# CRIMINAL DOCKET FOR CASE #: 1:00-cr-00020-T-1

Case title: USA v. Sands
Magistrate judge case number: 1:00-mj-00012

Date Filed: 02/29/2000

Assigned to: Judge Ernest C. Torres

**Defendant**

**Keith M. Sands, Jr.** (1)
*TERMINATED: 10/27/2000*
*also known as*
Sandman (1)

represented by **Michael J. Gardiner**
Michael Gardiner Attorney at Law
1880 Broad Street
Cranston, RI 02905
401-861-4100
Fax: 401-467-8798
Email: mgardiner6@cox.net
*TERMINATED: 10/27/2000*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

| Pending Counts | Disposition |
|---|---|
| 21:846 CONSPIRACY TO DISTRIBUTE CRACK COCAINE (1) | Deft. sentenced to 188 mos. imprison, concurrent w/ each other and Counts 3 & 4; 4 yrs. super. rlse., concurrent w/ each other and Counts 3 & 4. Court recommends assignment to institution w/ program for sub. abuse trtmnt. & cnslng. Special condition of super. rlse: sub. abuse trtmnt. & cnslng. if deemed necessary by U.S. Probation. $400.00 SA ($100.00 each count) and no fine imposed. |
| 21:841 (a)(1) and 18:2 DISTRIBUTION OF CRACK COCAINE (2) | Deft. sentenced to 188 mos. imprison, concurrent w/ each other and Counts 3 & 4; 4 yrs. super. rlse., concurrent w/ each other and Counts 3 & 4. Court recommends assignment to institution w/ program for sub. abuse trtmnt. & cnslng. Special condition of super. rlse: sub. abuse trtmnt. & cnslng. if deemed necessary by U.S. Probation. $400.00 SA ($100.00 each count) and no fine |

3

**Plaintiff**

**USA**
*TERMINATED: 10/27/2000*

represented by **Gerard B. Sullivan**
U.S. Attorney's Office
Fleet Center
50 Kennedy Plaza
8th Floor
Providence, RI 02903
709-5000
Fax: 709-5001
Email: gerard.sullivan@usdoj.gov
*TERMINATED: 10/27/2000*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/02/2000 | 1 | COMPLAINT as to Keith M. Sands Jr. [ 1:00-m -12 ] (Zinni, C) (Entered: 02/04/2000) |
| 02/02/2000 | 2 | Arrest WARRANT issued as to Keith M. Sands Jr. [ 1:00-m -12 ] (Zinni, C) (Entered: 02/04/2000) |
| 02/03/2000 | | ARREST of Keith M. Sands Jr. [ 1:00-m -12 ] (Zinni, C) (Entered: 02/04/2000) |
| 02/03/2000 | 3 | CJA 23 FINANCIAL AFFIDAVIT by Keith M. Sands Jr. approved by Mag. Judge Lovegreen. [ 1:00-m -12 ] (Zinni, C) (Entered: 02/04/2000) |
| 02/03/2000 | | Initial Appearance as to Keith M. Sands Jr. held before Mag. Judge Lovegreen. Gerard B. Sullivan for Govt. Michael J. Gardiner for deft. Defendant temporarily detained pending preliminary exam. ;Preliminary Examination set for 9:00 2/9/00 for Keith M. Sands Jr. ; Detention Hearing set for 9:00 2/9/00 for Keith M. Sands Jr. (Defendant informed of rights.) [ 1:00-m -12 ] (Zinni, C) (Entered: 02/04/2000) |
| 02/03/2000 | 4 | ENTRY of Appearance for Keith M. Sands Jr. by Attorney Michael J. Gardiner [ 1:00-m -12 ] (Zinni, C) (Entered: 02/04/2000) |
| 02/04/2000 | 5 | CJA 20 as to Keith M. Sands Jr.: Appointment of Attorney Michael J. Gardiner ( Signed by Magistrate Judge Robert W. Lovegreen ) [ 1:00-m -12 ] (Zinni, C) (Entered: 02/04/2000) |
| 02/11/2000 | | Preliminary Examination as to Keith M. Sands Jr. held before MJLovegreen (Gardner, Sullivan) 1 Witness, 1 exhibit. Defendant argues. Govt. waives argument. Court finds probable cause [ 1:00-m -12 ] (FarrellPletcher, P) (Entered: 02/16/2000) |
| 02/11/2000 | | Detention hearing as to Keith M. Sands Jr. held before MJ Lovegreen (Gardner, Sullivan) Court detains defendant pending indictment [ 1:00-m -12 ] (FarrellPletcher, P) (Entered: 02/16/2000) |
| | | |

5

| | | |
|---|---|---|
| 02/29/2000 | 1 | INDICTMENT as to Keith M. Sands (1) count(s) 1, 2, 3, 4, William Mott (2) count(s) 1, 2, 3, 5, 6, 7 (FarrellPletcher, P) (Entered: 03/02/2000) |
| 02/29/2000 | | CASE assigned to Judge Ernest C. Torres . Assigned to Magistrate Judge Robert W. Lovegreen (FarrellPletcher, P) (Entered: 03/02/2000) |
| 03/08/2000 | | Arraignment as to Keith M. Sands Jr. held before MJ Lovegreen (Gardiner, Leavey) Defendant pleads not guilty (FarrellPletcher, P) (Entered: 03/08/2000) |
| 03/08/2000 | 2 | ENTRY of Appearance for Keith M. Sands Jr. by Attorney Michael Gardiner (FarrellPletcher, P) (Entered: 03/08/2000) |
| 03/08/2000 | | Detention hearing as to Keith M. Sands Jr. held before MJ Lovegreen (Gardiner, Leavey) Defendant detained pending trial (FarrellPletcher, P) (Entered: 03/08/2000) |
| 03/08/2000 | 3 | ARRAIGNMENT ORDER as to Keith M. Sands Jr. setting Discovery cutoff 4/10/00 for Keith M. Sands Jr. ; Motion Filing deadline on 4/10/00 for Keith M. Sands Jr. ; Pretrial Conference for 9:30 4/14/00 for Keith M. Sands Jr. before Magistrate Judge Robert W. Lovegreen . Placed on Continuous Trial Calendar for April 23, 2000. ( Signed by Magistrate Judge Robert W. Lovegreen ) (FarrellPletcher, P) (Entered: 03/08/2000) |
| 03/15/2000 | 8 | TRANSCRIPT OF Preliminary Examination as to deft. Keith M. Sands, Jr. hearing for date of February 11, 2000 (Mercurio, A) Modified on 04/07/2000 (Entered: 03/15/2000) |
| 04/12/2000 | 12 | MOTION by Keith M. Sands Jr. to Enlarge Time to file pretrial motions (Webb, J) (Entered: 04/12/2000) |
| 04/14/2000 | | Pre-trial conference as to Keith M. Sands Jr., William Mott held before MJ Lovegreen (FarrellPletcher, P) (Entered: 04/17/2000) |
| 05/22/2000 | 15 | Plea Agreement as to Keith M. Sands Jr. (Mercurio, A) (Entered: 05/23/2000) |
| 05/23/2000 | | medication forms faxed to both counsel (Webb, J) (Entered: 05/23/2000) |
| 06/05/2000 | 16 | CERTIFICATION OF MEDICATION as to Keith M. Sands Jr. (Mercurio, A) (Entered: 06/05/2000) |
| 06/12/2000 | 17 | medication certification filed original to be filed at time of plea (Webb, J) (Entered: 06/12/2000) |
| 06/20/2000 | | Plea Agreement Hearing as to Keith M. Sands Jr., William Mott set for 11:30 6/30/00 for Keith M. Sands Jr., for William Mott Before Judge Ernest C. Torres (Mercurio, A) (Entered: 06/20/2000) |
| 06/20/2000 | | pris. req. forwarded and notice sent re: plea hearing as to Keith M. Sands Jr., William Mott (Mercurio, A) (Entered: 06/20/2000) |
| 06/30/2000 | | Change of Plea Hearing as to Keith M. Sands Jr. held. Mary Rogers for Govt., Michael J. Gardiner, Esq. for deft., and Dennis Jenkins from Probation. Govt. summarizes charges/elements and terms of plea |

6

| | | |
|---|---|---|
| | | agreement. Deft. is sworn and waiver is read. Govt. summarizes facts it would need to prove deft. guilty at trial. Defendant agrees to facts, wishes to plead guilty. Court finds deft. is fully competent. Plea is knowing and voluntary. There is a factual basis for plea. Court accepts plea of guilty and adjudges deft. guilty of Counts 1 through 4 of Indictment. Sentencing is set for October 27, 2000 at 9:30 a.m. Court advises defendant of right to object to PSR. (Mercurio, A) (Entered: 06/30/2000) |
| 06/30/2000 | | PLEA entered by Keith M. Sands Jr.. Court accepts plea. Guilty: Keith M. Sands (1) count(s) 1, 2, 3, 4 (Mercurio, A) (Entered: 06/30/2000) |
| 06/30/2000 | 19 | Minute entry as to Keith M. Sands Jr.: Change of Plea hearing held before J. Torres (Mercurio, A) (Entered: 06/30/2000) |
| 06/30/2000 | | Sentencing set for 9:30 10/27/00 for Keith M. Sands Jr. Before Judge Ernest C. Torres , Keith M. Sands (1) count(s) 1, 4 (Mercurio, A) (Entered: 06/30/2000) |
| 06/30/2000 | | pris. req. forwarded and sentencing notice sent as to Keith M. Sands Jr. (Mercurio, A) (Entered: 06/30/2000) |
| 06/30/2000 | 21 | Amended Plea Agreement as to Keith M. Sands Jr. (Mercurio, A) (Entered: 07/05/2000) |
| 07/19/2000 | | Sentencing set for 10:00 10/20/00 for Keith M. Sands Jr. Before Judge Ernest C. Torres Keith M. Sands (1) count(s) 1, 4 (Webb, J) (Entered: 07/19/2000) |
| 07/19/2000 | | Sentencing set for 9:30 10/20/00 for Keith M. Sands Jr. Before Judge Ernest C. Torres , Keith M. Sands (1) count(s) 1, 4 (Webb, J) (Entered: 07/19/2000) |
| 08/02/2000 | | Motion(s) referred to Judge: [23-1] motion for Issuance of Subpoena Duces Tecum (Webb, J) (Entered: 08/02/2000) |
| 09/28/2000 | 25 | OBJECTION by Keith M. Sands Jr. to Presentence Investigation Report (Mercurio, A) (Entered: 10/24/2000) |
| 09/28/2000 | 25 | MOTION by Keith M. Sands Jr. for Downward Departure (Mercurio, A) (Entered: 10/24/2000) |
| 10/20/2000 | | Sentencing held Keith M. Sands (1) count(s) 1, 2, 3, 4. Govt: Gerard B. Sullivan; For Defendant: Michael J. Gardiner; Probation: Kathy Ayars. Deft. has reviewed PSR w/ counsel and has an objection to the criminal history. Counsel address objection to criminal history and deft.'s M/ for downward departure. Court proceeds to allocution. Govt. makes its recommendation on sentence. Court denies deft.'s M/Downward Departure and imposes sentence. Deft. is committed to BOP for 188 mos. on each count, concurrent and 4 yrs. s.r. on Counts 1 and 2, concurrent and 3 yrs. s.r. on Counts 3 and 4, concurrent w/ all other counts. Court recommends deft. be assigned to institution that has a program of sub. abuse and counseling. Condition of s.r. - sub. abuse treatment and counseling, if necessary. No fine imposed and s.a. $100.00 on each count. Court advises deft. of right to appeal. (Mercurio, A) (Entered: |

7

| | | |
|---|---|---|
| | | 10/20/2000) |
| 10/20/2000 | 28 | Minute entry as to Keith M. Sands Jr.: Sentence hearing held before J. Torres (Mercurio, A) (Entered: 10/20/2000) |
| 10/24/2000 | 32 | ORDER as to Keith M. Sands Jr. denying [25-1] motion for Downward Departure as to Keith M. Sands (1) ( Signed by Judge Ernest C. Torres ) (Mercurio, A) (Entered: 10/24/2000) |
| 10/27/2000 | 34 | JUDGMENT as to Keith M. Sands (1) count(s) 1, 2 . Deft. sentenced to 188 mos. imprison, concurrent w/ each other and Counts 3 & 4; 4 yrs. super. rlse., concurrent w/ each other and Counts 3 & 4. Court recommends assignment to institution w/ program for sub. abuse trtmnt. & cnslng. Special condition of super. rlse: sub. abuse trtmnt. & cnslng. if deemed necessary by U.S. Probation. $400.00 SA ($100.00 each count) and no fine imposed. , Keith M. Sands (1) count(s) 3, 4 . Deft. sentenced to 188 mos. imprison, concurrent w/ each other and Counts 1 & 2; 3 yrs. super. rlse., concurrent w/ each other and Counts 1 & 2. Court recommends assignment to institution w/ program for sub. abuse trtmnt. & cnslng. Special condition of super. rlse: sub. abuse trtmnt. & cnslng. if deemed necessary by US Probation. $400.00 SA ($100.00 each count) and no fine imposed. ( Signed by Judge Ernest C. Torres ) (Mercurio, A) (Entered: 10/27/2000) |
| 11/16/2000 | | PSR returned to U.S. Probation as to Keith M. Sands Jr. (Mercurio, A) (Entered: 11/16/2000) |
| 11/28/2000 | 38 | CJA 20 as to Keith M. Sands Jr. Authorization to Pay Michael Gardiner in the amount of $3310.97 ( Signed by Judge Ernest C. Torres ) (Webb, J) (Entered: 11/28/2000) |
| 12/14/2000 | 40 | Judgment Returned Executed as to Keith M. Sands Jr.; on 12/7/00 (Mercurio, A) (Entered: 12/15/2000) |
| 04/02/2001 | 46 | TRANSCRIPT filed as to Keith M. Sands Jr., William Mott for dates of 2/9/01 (Webb, J) (Entered: 04/03/2001) |
| 04/20/2001 | 48 | TRANSCRIPT OF Sentencing for date of 10/20/00 (Mercurio, A) (Entered: 04/20/2001) |
| 05/30/2001 | 50 | TRANSCRIPT OF Change of Plea for Sands and Mott for date of 6/30/00 (Mercurio, A) (Entered: 05/31/2001) |
| 10/18/2001 | | Motion to Vacate under 28:2255 filed by Keith Sands (see CA. 01-503 T). (McCabe, F) (Entered: 12/12/2001) |
| 10/29/2001 | 54 | TRANSCRIPT OF Sentencing for dates of 10/20/00 (Mercurio, A) (Entered: 10/29/2001) |
| 08/05/2002 | | Sent original criminal file to 1st Circuit for 2255 appeal CA01-503T as to Keith M. Sands Jr. (Mercurio, A) (Entered: 08/05/2002) |
| 01/17/2003 | | Original Court file returned by Richard Donovan as to Keith M. Sands Jr. re: 2255 appeal (Mercurio, A) (Entered: 01/17/2003) |

8

| | | |
|---|---|---|
| 08/16/2006 | 56 | MOTION to "Stay Judgments" That Were Made in Violation of Fed. Rules Criminal Procedure 32(h) and Obtained in Violation of the U.S. Constitution and U.S. Supreme Court Precedent WITH SUPPORTING MEMO by Keith M. Sands, Jr. (Leyva, Lucia) (Entered: 08/31/2006) |


| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 09/01/2006 12:26:13 | | | |
| **PACER Login:** | us0556 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:00-cr-00020-T |
| **Billable Pages:** | 5 | **Cost:** | 0.40 |


9

CLOSED

**U.S. District Court**
**District of Rhode Island (Providence)**
**CIVIL DOCKET FOR CASE #: 1:01-cv-00503-T**

Sands, et al v. United States
Assigned to: Judge Ernest C. Torres
Demand: $0
Case in other court: CR.00-00020(01) T
Cause: 28:2255 Motion to Vacate Sentence

Date Filed: 10/18/2001
Jury Demand: None
Nature of Suit: 510 Prisoner: Vacate Sentence
Jurisdiction: U.S. Government Defendant

**Petitioner**

**Keith M. Sands, Jr.**

represented by **Keith M. Sands, Jr.**
Reg# 04823-070
FCI Allenwood
PO Box 2500
White Deer, PA 17887-2000
PRO SE

V.

**Respondent**

**United States**

represented by **Gerard B. Sullivan**
U.S. Attorney's Office
Fleet Center
50 Kennedy Plaza
8th Floor
Providence, RI 02903
709-5000
Fax: 709-5001
Email: gerard.sullivan@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Interested Party**

**Richard Donovan**

represented by **Richard Donovan**
United States Court of Appeal
Suite 2235
1 Courthouse Way
Boston, Ma 02210
PRO SE

| Date Filed | # | Docket Text |
|---|---|---|
| 10/18/2001 | | CASE assigned to Judge Ernest C. Torres . (McCabe, F) Modified on |

(10)

| | | |
|---|---|---|
| | | 12/11/2001 (Entered: 10/18/2001) |
| 10/18/2001 | 1 | MOTION by Keith M. Sands Jr. to Vacate under 28 U.S.C. 2255 (see CR. 00-20 T) (McCabe, F) Modified on 12/12/2001 (Entered: 10/18/2001) |
| 10/25/2001 | 2 | ORDER: The government has up to and including November 30, 2001 to respond to Writ of Habeas Corpus ( signed by Judge Ernest C. Torres ) (FarrellPletcher, P) (Entered: 10/25/2001) |
| 11/30/2001 | 3 | OBJECTION by United States to [1-1] motion to Vacate under 28 U.S.C. 2255 (Mercurio, A) (Entered: 12/04/2001) |
| 12/05/2001 | | Motion(s) referred: [1-1] motion to Vacate under 28 U.S.C. 2255 referred to Dotty Fobert (FarrellPletcher, P) (Entered: 12/05/2001) |
| 12/12/2001 | 4 | ORDER denying petitioners motion to proceed in forma pauperis (mailed to counsel of record) ( signed by Judge Ernest C. Torres ) (FarrellPletcher, P) (Entered: 12/12/2001) |
| 12/14/2001 | 5 | RESPONSE by Keith M. Sands Jr. in opposition to [3-1] motion response (Mercurio, A) (Entered: 12/17/2001) |
| 12/19/2001 | 6 | MOTION by Keith M. Sands Jr. to Proceed in Forma Pauperis (Mercurio, A) (Entered: 12/20/2001) |
| 01/14/2002 | 7 | ORDER denying [6-1] motion to Proceed in Forma Pauperis on the grounds it is unnecessary This court has previously denied the plaintiff's motion to proceed in forma pauperis on the grounds that no filing fee is required in a section 2255 petition. See order of December 11, 2001 (mailed to counsel of record) ( signed by Judge Ernest C. Torres ) (FarrellPletcher, P) (Entered: 01/14/2002) |
| 04/04/2002 | 8 | MEMORANDUM and ORDER denying [1-1] motion to Vacate under 28 U.S.C. 2255 (see CR. 00-20 T) ( signed by Judge Ernest C. Torres ) (mailed to counsel of record) (FarrellPletcher, P) (Entered: 04/04/2002) |
| 04/04/2002 | | Case closed (FarrellPletcher, P) (Entered: 04/04/2002) |
| 05/10/2002 | 9 | MOTION by Keith M. Sands Jr. for Certificate of Appealability (Mercurio, A) (Entered: 05/13/2002) |
| 05/10/2002 | 9 | NOTICE OF APPEAL by Keith M. Sands Jr.. Appeal record due on 6/10/02 (Mercurio, A) (Entered: 05/13/2002) |
| 05/16/2002 | | Notice of appeal and certified copy of docket to USCA: [9-1] appeal by Keith M. Sands Jr. (Mercurio, A) (Entered: 05/16/2002) |
| 05/17/2002 | | Motion(s) referred to Judge Torres: [9-1] motion for Certificate of Appealability (FarrellPletcher, P) (Entered: 05/17/2002) |
| 05/23/2002 | 10 | NOTICE of Docketing ROA from USCA Re: [9-1] appeal USCA Number: 02-1597 (Mercurio, A) (Entered: 05/23/2002) |
| 05/23/2002 | | USCA Case Number Re: [9-1] appeal USCA Number: 02-1597 |

| | | |
|---|---|---|
| | | (Mercurio, A) (Entered: 05/23/2002) |
| 07/19/2002 | 11 | MOTION by Keith M. Sands Jr. to Proceed in Forma Pauperis (Mercurio, A) (Entered: 07/19/2002) |
| 07/19/2002 | 12 | AFFIDAVIT by Keith M. Sands Jr. Re: [11-1] motion to Proceed in Forma Pauperis (Mercurio, A) (Entered: 07/19/2002) |
| 08/02/2002 | 13 | ORDER denying [9-1] motion for Certificate of Appealability ( signed by Judge Ernest C. Torres ) (Mercurio, A) (Entered: 08/02/2002) |
| 08/05/2002 | | Certified and transmitted record on appeal to U.S. Court of Appeals: [9-1] appeal; sent original file; original criminal file (CR00-20T) and certified docket (Mercurio, A) (Entered: 08/05/2002) |
| 08/05/2002 | 14 | CERTIFICATE of Clerk (Mercurio, A) (Entered: 08/05/2002) |
| 08/21/2002 | 15 | NOTICE of Docketing ROA from USCA 02-1597 Re: [9-1] appeal (Mercurio, A) (Entered: 08/21/2002) |
| 08/21/2002 | | USCA Case Number Re: [9-1] appeal USCA Number: 02-1597 (Mercurio, A) (Entered: 08/21/2002) |
| 08/22/2002 | 16 | Transmitted supplemental record on appeal: [9-1] appeal by Keith M. Sands Jr. (Mercurio, A) (Entered: 08/22/2002) |
| 09/04/2002 | 17 | ORDER denying [11-1] motion to Proceed in Forma Pauperis on ground that the Court has denied the petitioner's request for certificate of appealability ( signed by Judge Ernest C. Torres ) (mailed to parties of record) (Mercurio, A) Modified on 09/04/2002 (Entered: 09/04/2002) |
| 09/06/2002 | 18 | Transmitted supplemental record on appeal: [9-1] appeal by Keith M. Sands Jr. - sent Order (#17) denying ifp and certified docket (Mercurio, A) (Entered: 09/06/2002) |
| 09/10/2002 | 19 | Acknowledgment of Receipt of [16-1] supplemental record on appeal (Mercurio, A) (Entered: 09/10/2002) |
| 10/25/2002 | 20 | ORDER denying petitioner's request for certificate of appealability and terminating appeal (USCA) (Mercurio, A) (Entered: 10/28/2002) |
| 12/23/2002 | 21 | MOTION by Keith M. Sands Jr. for Reconsideration of [13-1] order, [8-1] order (Mercurio, A) (Entered: 12/27/2002) |
| 01/02/2003 | 22 | OBJECTION by United States to [21-1] motion for Reconsideration of [13-1] order, [8-1] order (Mercurio, A) Modified on 01/03/2003 (Entered: 01/03/2003) |
| 01/07/2003 | | Motion(s) referred to Judge Torres: [21-1] motion for Reconsideration of [13-1] order, [8-1] order (Jackson, R) (Entered: 01/07/2003) |
| 01/14/2003 | 23 | ORDER denying [21-1] motion for Reconsideration of [13-1] order, [8-1] order - mailed to parties of record ( signed by Judge Ernest C. Torres ) (Barletta, B) (Entered: 01/14/2003) |
| 01/15/2003 | 24 | MANDATE OF USCA (certified copy) -- Judgment entered 10/24/02) |

12

| | | |
|---|---|---|
| | | Re: [9-1] appeal by Keith M. Sands Jr. DENYING petitioner's request for a COA, and TERMINATING the appeal (Duhamel, J) (Entered: 01/16/2003) |
| 01/15/2003 | 25 | RESPONSE by Keith M. Sands Jr. in opposition to [22-1] motion response (Duhamel, J) (Entered: 01/16/2003) |
| 01/16/2003 | | Record on appeal returned from U.S. Court of Appeals: [9-1] appeal by Keith M. Sands Jr. including Criminal Court file No. 00-20T (Duhamel, J) Modified on 01/17/2003 (Entered: 01/16/2003) |
| 01/17/2003 | | PSR and Statement of reasons returned to U.S. Probation Dept. (Mercurio, A) (Entered: 01/17/2003) |
| 03/12/2003 | 26 | NOTICE OF APPEAL by Keith M. Sands Jr.. Appeal record due on 4/11/03. (fee not paid) (Fernandes, D) (Entered: 03/13/2003) |
| 03/13/2003 | 27 | CERTIFICATE of Clerk (Fernandes, D) (Entered: 03/13/2003) |
| 03/13/2003 | | Certified and transmitted record on appeal to U.S. Court of Appeals: [26-1] appeal. Certified docket, court file and clerks certificate. (Fernandes, D) (Entered: 03/13/2003) |
| 04/28/2003 | 28 | MOTION by Keith M. Sands Jr. for Certificate of Appealability (Fernandes, D) (Entered: 04/28/2003) |
| 04/28/2003 | 29 | Transmitted supplemental record on appeal: [26-1] appeal by Keith M. Sands Jr. Forwarding Petitoner's Application seeking a Certificate of Appealability. (Fernandes, D) (Entered: 04/28/2003) |
| 05/06/2003 | | Motion(s) referred to Judge Torres: [28-1] motion for Certificate of Appealability (Jackson, R) (Entered: 05/06/2003) |
| 05/07/2003 | 30 | ORDER denying [28-1] motion for Certificate of Appealability ( signed by Judge Ernest C. Torres ) [mailed to all counsel of record] (Jackson, R) (Entered: 05/07/2003) |
| 05/07/2003 | 31 | Transmitted supplemental record on appeal: [26-1] appeal by Keith M. Sands Jr.(enclosing Order, Cert Copy of the Docket) (Jackson, R) (Entered: 05/07/2003) |
| 08/26/2003 | 32 | MANDATE OF USCA (certified copy) Re: [26-1] appeal by Keith M. Sands Jr. Denying Sands' request for a certificate of appealability and Terminating appeal (Fernandes, D) (Entered: 08/26/2003) |
| 10/28/2003 | 33 | MEMORANDUM Requesting copy of Memo & Order dismissing Petitioner's 2255 Writ of Habeas Corpus (Doc #8); copy of same was forw'd to Petitioner on 10/28/03 by Office of the Clerk (Jackson, R) (Entered: 10/28/2003) |
| 06/25/2004 | | Record on appeal returned from U.S. Court of Appeals: [26-1] appeal by Keith M. Sands Jr. case file, transcripts (2) doc #50 & #54, Government's Memo in support if its objection to defendant's petition for writ of habeas corpus returned from USCA. (Fernandes, D) (Entered: 07/12/2004) |

| | | |
|---|---|---|
| 08/16/2006 | 34 | MOTION to "Stay Judgments" that were Made in Violation of Fed. Rules Crim. Procedure 32(h) and Obtained in Violation of the U.S. Constitution and U.S. Supreme Court Precedent WITH SUPPORTING MEMO by Keith M. Sands, Jr. Responses due by 9/5/2006 (Leyva, Lucia) (Entered: 08/31/2006) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 09/01/2006 12:26:45 | | | |
| **PACER Login:** | us0556 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:01-cv-00503-T |
| **Billable Pages:** | 3 | **Cost:** | 0.24 |

Home | P.A.C.E.R. | Opinions | Lower Dkt | Help

# General Docket
## US Court of Appeals for the First Circuit

Court of Appeals Docket #: 02-1597 Filed: 5/20/02
Nsuit: 2510 Prisoner: Vacate Sentence
Sands v. US
Appeal from: U.S. District Court for the District of Rhode Island

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Lower court information:

District: 0103-1 : 01-00503 lead: 01-00503
Ordering Judge: Ernest C. Torres, Judge
Date Filed: 10/18/01
Date order/judgment: 4/4/02
Date NOA filed: 5/10/02

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Fee status: Unknown

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Prior cases:
None
Current cases:

| | Lead | Member | Start | End |
|---|---|---|---|---|
| Related: | | | | |
| | 02- 1597 | 03- 1378 | 3/27/03 | |
| | 02- 1597 | 04- 2130 | 8/25/04 | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Panel Assignment:

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Docket as of August 26, 2004 8:30 pm Page 1

02-1597 Sands v. US

KEITH M. SANDS, JR.
Petitioner - Appellant

Keith M. Sands, Jr.
[COR LD NTC pro]
Reg. No. 04823-070
Allenwood FCI
P.O. Box 2500
White Deer, PA 17887-2000

v.

UNITED STATES
Respondent - Appellee

Gerard B. Sullivan
FTS 401-709-5001
401-709-5000

15

[NTC gvt]
U.S. Attorney's Office
Fleet Center
50 Kennedy Plaza
8th Floor
Providence, RI 02903

Donald Lockhart
FTS 401-709-5001
401-709-5030
[COR LD NTC gvt]
U.S. Attorney's Office
Fleet Center
50 Kennedy Plaza
8th Fl.
Providence, RI 02903

Docket as of August 26, 2004 8:30 pm Page 2

02-1597 Sands v. US

KEITH M. SANDS, JR.

Petitioner - Appellant

v.

UNITED STATES

Respondent - Appellee

Docket as of August 26, 2004 8:30 pm Page 3

02-1597 Sands v. US

| | |
|---|---|
| 5/20/02 | CIVIL CASE docketed. Opening forms sent. Notice filed by Appellant Keith M. Sands. Fee due 6/3/02. [02-1597] (mlyn) |
| 5/20/02 | ORDER filed with Certificate of Appealability pending in district court. DC Judge: Ernest C. Torres. DC Clerk: David DiMarzio. Filing Date: 5/10/02. CAP Status due 6/19/02. [02-1597] (mlyn) |
| 6/12/02 | STATUS REPORT filed by Appellant Keith M. Sands advising certificate of appealability. Certificate of Service date 6/9/02. CAP/CPC Status Due 7/12/02. [663210-1] [02-1597] (dona) |

16

6/12/02 Petitioner's Informal Brief. Certificate of service date 6/9/02. [663216-1] [02-1597] (dona)

6/12/02 DEFAULT ORDER filed. Unless the $105 filing is paid to the Clerk of the District Court or unless a motion to proceed in forma pauperis on appeal is pending in the District Court and and notice thereof is supplied to this court on or before fourteen days of the date of this order, this appeal will be dismissed for lack of prosecution. [663220-1] [02-1597] Fee due 6/26/02. (dona)

6/12/02 DOCKETING STATEMENT filed by Appellant Keith M. Sands. [02-1597] (mlyn)

6/12/02 APPEARANCE filed by Keith M. Sands for Appellant Keith M. Sands. [663230-1] [02-1597] (mlyn)

6/12/02 TRANSCRIPT REPORT/ORDER filed by Appellant Keith M. Sands. [Transcript Not Necessary] [02-1597] (mlyn)

7/9/02 FINAL DEFAULT ORDER filed. Unless the $105 filing is paid to the Clerk of the District Court or unless a motion to proceed forma pauperis on appeal is pending in the District Court and and notice thereof is supplied to this court on or before fourteen days of the date of this order, this appeal will be dismissed for lack of prosecution. [669305-1] [02-1597] Fee due 7/23/02. (dona)

7/18/02 STATUS REPORT filed by Appellant Keith M. Sands advising certificate of appealability and request for IFP pending before the district court. Certificate of Service date 7/16/02. CAP/CPC Status Due 8/19/02. [672234-1] [02-1597] (dona)

8/2/02 ATTORNEY Donald Lockhart for Appellee US added to case. [02-1597] (mlyn)

8/2/02 APPEARANCE filed by Donald Lockhart for Appellee US. [675218-1] [02-1597] (mlyn)





8/6/02 RECORD filed: 2 vol(s). (one volume of 01-cv-503 pleadings 1-14 and one volume of 00-cr-20, pleadings an 2/9/00 hearing transcript and 2/11/00 hearing transcript) [676126-1] [02-1597] (dona)

8/6/02 ORDER filed Certificate of Appealability denied in district court. Denial Date: 8/2/02. CAP Memo due 8/20/02. [02-1597] (dona)

8/19/02 Memorandum in Support of the Pro Se Motion Seeking

17

| | |
|---|---|
| | Certificate of Appealability and Informal Brief filed by Appellant Keith M. Sands, Pro Sel. Certificate of service dated 8/16/02. [02-1597] (dona) |
| 8/26/02 | SUPPLEMENTAL RECORD consisting of 2 Transcripts (dkt#'s 50 & 54); Government's Memorandum in Support of Its Objection to Defendant's Petition for Writ of Habeas Corpus Pursuant to Title 28 USC dated 11/30/01; Government's Supplemental Memorandum and Response to Pro-Se Petitioner's Opposition to the Government's Request for Summary Dismissal dated 12/01/01; Pro Se Petitioner's Supplemental Opposition to the Government's Supplemental Response dated 1/7/02 filed. [681195-1] [681195-1] [02-1597] (mlyn) |
| 8/26/02 | PRESENTENCE REPORT [UNDER SEAL] received and filed. [681200-1] [02-1597] (mlyn) |
| 8/26/02 | Transcript(s) Dkt# 50: Pleas dated 6/30/00; Dkt# 54: Sentencing dated 10/20/00 filed by Ordering Judge Ernest C. Torres. [02-1597] (mlyn) |
| 9/10/02 | SUPPLEMENTAL RECORD consisting of #18, order denying IFP filed. [684960-1] [02-1597] (dona) |
| 9/10/02 | NOTICE RECIEVED from District Court that IFP has been denied to Appellant Keith M. Sands on 9/4/02. [02-1597] (dona) |





| | |
|---|---|
| 9/10/02 | DEFAULT ORDER filed. [684970-1] [02-1597] IFP motion&aff or Fee due 10/4/02. This court has been notified that appellant's request to proceed on appeal in forma pauperis has been denied in the district court on September 3, 2002. Accordingly, appellant must either pay the docket fees - a total of $105.00 - to the clerk of the district court or file a motion to proceed in forma pauperis and financial affidavit in the court of appeals. See Fed.R.App.P. 24(a)(5). If payment has been made, appellant must submit a copy of the receipt, referencing the above docket number, to the court of appeals. A copy of Form 4 is provided to the appellant with this order. The failure to take either action by October 4, 2002, and provide this court with proof thereof, will lead to dismissal of the appeal for lack of diligent prosecution. Fed.R.App.P. 3(b). The certificate of appealability issue will not be decided until the fee issue is cleared. (dona) |
| 10/8/02 | DEFAULT ORDER filed. [693130-1] [02-1597] Fee due 10/25/02. This court has received for filing from the appellant an Affidavit to Accompany Motion for Leave to Appeal in Forma |

18

| | |
|---|---|
| | Pauperis. Pursuant to Page 3 of this affidavit, "If you are a prisoner, you must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts." This prisoner trust account information has not been received. The appellant must file on or before October 25, 2002, his prisoner trust account information, or risk dismissal of this case for lack of prosecution in accordance with Local Rule 3(b). This court cannot consider appellant's request for a certificate of appealability until appellant either pays the filing fee or complies with Fed.R.App.P. 24. (dona) |
| 10/8/02 | AFFIDAVIT to Accompany Motion for Leave to Appeal in forma pauperis filed by Appellant Keith M. Sands. Certificate of service dated 10/1/02. [693134-1] [02-1597] (dona) |

Docket as of August 26, 2004 8:30 pm Page 6

---

02-1597 Sands v. US

| | |
|---|---|
| 10/24/02 | JUDGMENT filed Chief Judge Boudin. Circuit Judges Torruella and Howard closing case. Federal prisoner Keith M. Sands moves this court for a certificate of appealability (COA), following the district court's denial of his 28 U.S.C. § 2255 motion. In order to obtain a COA, an applicant must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Sands has failed to make this required showing his claims of a purported violation of Apprendi v. New Jersey, 530 U.S. 466 (2000), a due process violation under 21 U.S.C. § 851, and a related claim of ineffective assistance of counsel. See United States v. Duarte, 246 F.3d 56, 62 (1st Cir. 2001) (Apprendi issue); United States v. Sanchez, 917 F.2d 607, 616 (§ 851 issue). Accordingly, Sands' request for a COA is DENIED, and this appeal is TERMINATED. [697506-1] [02-1597] (mlyn) |
| 11/18/02 | PETITION FOR A RE-HEARING BEFORE THE ORIGINAL PANEL filed by Appellant Keith M. Sands for panel rehearing. Certificate of Service dated 11/15/02. [02-1597] (mlyn) |
| 12/5/02 | ORDER filed by Chief Judge Michael Boudin, Judge Juan R. Torruella, Judge Jeffrey R. Howard. The panel of judges that rendered the decision in this case having voted to deny the petition for rehearing, it is ordered that the petition for rehearing be DENIED. [02-1597] (mlyn) |
| 12/16/02 | PURSUANT TO FEDERAL RULES OF APPELLANT PROCEDURE (41) THIS PRO-SE PETITIIONER MOTION TO STAY THE MANDATE filed by Appellant Keith M. Sands to stay mandate. Certificate of service dated 12/11/02. [02-1597] (mlyn) |

19

| | |
|---|---|
| 1/14/03 | ORDER filed by Judge Juan R. Torruella. The motion filed by Keith M. Sands requesting that the mandate in this case be stayed is DENIED. [02-1597] (mlyn) |
| 1/14/03 | MANDATE ISSUED. [02-1597] (mlyn) |
| 1/14/03 | PRESENTENCE REPORT [UNDER SEAL] returned to originating court. [02-1597] (mlyn) |
| 1/14/03 | RECORD returned to originating court vol(s). (one volume of 01-cv-503 pleadings 1-14 and one volume of 00-cr-20, pleadings an 2/9/00 hearing transcript and 2/11/00 hearing transcript) to RIPR. (mlyn) |

Docket as of August 26, 2004 8:30 pm Page 7

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 09/01/2006 12:24:08 | | | |
| PACER Login: | us0556 | Client Code: | |
| Description: | dkt report | Case Number: | 02-1597 |
| Billable Pages: | 7 | Cost: | 0.56 |

20

# General Docket
## US Court of Appeals for the First Circuit

Court of Appeals Docket #: 03-1378 Filed: 3/27/03
Nsuit: 2510 Prisoner: Vacate Sentence
Sands v. US
Appeal from: U.S. District Court for the District of Rhode Island

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Lower court information:

District: 0103-1 : 01-00503 lead: 01-00503
Ordering Judge: Ernest C. Torres, Judge
Date Filed: 10/18/01
Date order/judgment: 1/14/03
Date NOA filed: 3/12/03

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Fee status: Unknown

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Prior cases:
None
Current cases:

| | Lead | Member | Start | End |
|---|---|---|---|---|
| Related: | | | | |
| | 03- 1378 | 04- 2130 | 8/25/04 | |
| | 02- 1597 | 03- 1378 | 3/27/03 | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Panel Assignment:

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Docket as of November 3, 2004 8:32 pm Page 1

---

03-1378 Sands v. US

KEITH M. SANDS, JR.
Petitioner - Appellant

Keith M. Sands, Jr.
[COR LD NTC pro]
Reg. No. 04823-070
Allenwood FCI
P.O. Box 2500
White Deer, PA 17887-2000

v.

UNITED STATES
Respondent - Appellee

Gerard B. Sullivan
FTS 401-709-5001
401-709-5000

21

[NTC gvt]
U.S. Attorney's Office
Fleet Center
50 Kennedy Plaza
8th Floor
Providence, RI 02903

Donald Lockhart
FTS 401-709-5001
401-709-5030
[COR LD NTC gvt]
U.S. Attorney's Office
Fleet Center
50 Kennedy Plaza
8th Fl.
Providence, RI 02903

Docket as of November 3, 2004 8:32 pm Page 2

---

03-1378 Sands v. US

KEITH M. SANDS, JR.

Petitioner - Appellant

v.

UNITED STATES

Respondent - Appellee

Docket as of November 3, 2004 8:32 pm Page 3

---

03-1378 Sands v. US

| | |
|---|---|
| 3/27/03 | CIVIL CASE docketed. Opening forms sent. Notice filed by Appellant Keith M. Sands. Appearance form due 4/10/03. Fee due 4/10/03. [03-1378] (trim) |
| 3/27/03 | RECORD filed: 1 vol(s) original pleadings. [737015-1] [03-1378] (trim) |
| 4/7/03 | APPEARANCE filed by Keith M. Sands for Appellant Keith M. Sands. [740553-1] [03-1378] (trim) |
| 4/7/03 | DOCKETING STATEMENT filed by Appellant Keith M. Sands. [03-1378] (trim) |

22

4/7/03 TRANSCRIPT REPORT/ORDER filed by Appellant Keith M. Sands. [Transcript Not Necessary] [03-1378] (trim)

4/9/03 BRIEFING SCHEDULE. Appellant's Brief due 5/19/03. Appellee's Brief due 6/18/03. Reply brief due 7/2/03. [03-1378] (trim)

4/9/03 ORDER filed. On March 27, 2003, this court docketed petitioner-appellant's appeal from the denial of his motion to vacate his sentence under 28 U.S.C. § 2255. Because the district court's denial of petitioner-appellant's motion for reconsideration is a final order in a habeas proceeding, a certificate of appealability is required to appeal that ruling. 28 U.S.C. §2253; see also Greenwalt v Stewart, 105 F.3d 1268, 1272 (9th Cir. 1997). It does not appear that petitioner-appellant has filed a request for a certificate of appealability in the district court. Accordingly, we direct petitioner-appellant to apply for a certificate of ability from the district court forthwith. We further order petitioner-appellant to file a status report in this court by May 9, 2003, and every thirty days thereafter, informing us that he has applied for a certificate in the district court and advising us of the status of that application. We further order petitioner-appellant to inform us immediately once the district court reaches a decision on the application for a certificate. If a status report is not filed by May 9, 2003 and at thirty-day intervals thereafter, this appeal may be dismissed for lack of diligent prosecution. Loc. R. 3(b). [03-1378] (trim)

4/9/03 ATTORNEY Donald Lockhart for Appellee US added to case. [03-1378] (trim)

4/9/03 APPEARANCE filed by Donald Lockhart for Appellee US. [741758-1] [03-1378] (trim)

4/28/03 STATUS REPORT filed by Appellant Keith M. Sands advising certificate of appealability being sought in the district court. Certificate of Service date 4/19/03. CAP/CPC Status Due 5/28/03. [745647-1] [03-1378] (dona)





4/30/03 District Court denied IFP to Appellant Keith M. Sands. [03-1378] (dona)

4/30/03 SUPPLEMENTAL RECORD consisting of #28 (unacted upon request for certificate of appealability) filed. [746543-1] [03-1378] (dona)

4/30/03 ORDER IFP in COA/Fee due 5/14/03. [03-1378] The district

23

| | |
|---|---|
| | court docket reflects that appellant's request to proceed on appeal in forma pauperis was denied. Accordingly, appellant must either pay the docket fees - a total of $105.00 to the Clerk of the District Court of Rhode Island or file a compliant motion to proceed in forma pauperis, financial affidavit and prison trust account information in the Court of Appeals. See Fed.R.App.P. 24. If payment has been made, please submit a copy of the receipt referencing the above docket number, to this court. A copy of Form 4 is provided to the appellant with this order. Failure to take any action regarding the filing fees on or before May 14, 2003 may result in this appeal being dismissed for lack of prosecution pursuant to Local Rule 3(b). The appellant is directed to either pay the docketing fees in the district court or to apply for in forma pauperis status in the court of appeals on or before May 14, 2003. (dona) |
| 4/30/03 | ORDER filed. It is hereby ordered that this Court's briefing schedule established on April 9, 2003, is hereby vacated as it was issued in error. [03-1378] (trim) |
| 5/9/03 | SUPPLEMENTAL RECORD consisting of #30, Certificate of Appealability with endorsement denying request, filed. [749914-1] [03-1378] (dona) |
| 5/9/03 | ORDER filed Certificate of Appealability denied in district court. Denial Date: 5/7/03, CAP Memo due 5/23/03. [03-1378] (dona) |
| 5/15/03 | STATUS REPORT filed by Appellant Keith M. Sands advising that the district court denied his request for a certificate of appealability and that this appeal is not a 2255, but the denial of his request to exhaust his 60(b) motion. Additionally his $105.00 payment for fees has been paid (appellant sent copy of request to bursar to remove funds from his account only-not DC receipt copy). Certificate of Service date 5/9/03 [752474-1] [03-1378] (dona) |
| 5/19/03 | Memorandum filed by Appellant Keith M. Sands for Certificate of Appealability. Certificate of service dated 5/14/03. [03-1378] (dona) |





| | |
|---|---|
| 5/20/03 | DEFAULT ORDER filed. [752497-1] [03-1378] Fee due 6/3/03. The authorization for appellate filing fees set forth in 28 U.S.C. § 1913 contains no exception for habeas appeals. Our records still indicate that the docket fee of $105.00 has not been paid to the Clerk of the District Court in accordance with Rule 3 (e) of the Federal Rules of |

Appellate Procedure. If the appellant is indigent and unable to pay the docketing fee, a motion and application to proceed in forma pauperis must be filed promptly in the court of appeals pursuant to Fed.R.App.P. 24(a). Appellant asserts in his last correspondence to the court that the filing fees have been forwarded to court and enclosed a copy of a bank withdrawal notice. As of this date the district court docket does not reflect receipt of the filing fee of $105.00 in district court action 01-cv-00503 for the notice of appeal filed on March 12, 2003. The appellant is to respond to this order in writing on or before June 3, 2003. Failure to pay docketing fees or obtain in forma pauperis status may result in the dismissal of this case for want of diligent prosecution. See Local Rule 3(b). This court cannot consider appellant's request for a certificate of appealability until appellant either pays the fee or complies with Fed.R.App.P. 24. (dona)

6/2/03 Financial Affidavit and Prison Trust Account Information filed by Appellant Keith M. Sands, Pro Se. Dated 5/29/03. [03-1378] (dona)

7/2/03 JUDGMENT filed Chief Judge Michael Boudin, Judge Sandra L. Lynch, Judge Jeffrey R. Howard closing case. iFederal prisoner Keith M. Sands moves this court for a certificate of appealability (COA), following the district court's denial of his Fed. R. Civ. P. 60(b) motion for reconsideration of that court's denial of his 28 U.S.C. § 2255 motion. In order to obtain a COA, an applicant must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Sands has failed to make this required showing with his claim of a purported due process violation under 21 U.S.C. § 851. His assertion that the district court erred in its judgment on the issue by overlooking the Supreme Court's decision in Stinson v. United States, 508 U.S. 36 (1993), is unavailing as the Stinson decision does not support his underlying section 851 claim. Accordingly, Sands' request for a COA is DENIED, and this appeal is TERMINATED. [766113-1] [03-1378] (trim)

7/29/03 Case Re-assigned to Kristie from Nolan. [03-1378] (frnk)

8/25/03 MANDATE ISSUED. [03-1378] (kris)



03-1378 Sands v. US

3/8/04 U.S. SUPREME COURT NOTICE filed regarding petition for writ of certiorari. Filed in the Supreme Court on [845086-1] 9/25/03. Supreme Court case number: 03-9199. [03-1378] (kris)

25

| | |
|---|---|
| 4/8/04 | U.S. SUPREME COURT ORDER denying petition for writ of certiorari filed in the Supreme Court on 04/05/04. [03-1378] (kris) |
| 6/21/04 | RECORD consisting of one volume of original pleadings 1-28, 30, 31, governments memorandum dated Nov. 30, 2001, sentencing transcript dated 10/20/00, pleas transcript dated 06/30/00 returned to originating court. (dunn) |

Docket as of November 3, 2004 8:32 pm Page 7

**PACER Service Center**

**Transaction Receipt**

09/01/2006 12:23:54

| | | | |
|---|---|---|---|
| PACER Login: | us0556 | Client Code: | |
| Description: | dkt report | Case Number: | 03-1378 |
| Billable Pages: | 7 | Cost: | 0.56 |

26

Home P.A.C.E.R. Opinions Lower Dkt Help

# General Docket

## US Court of Appeals for the First Circuit

Court of Appeals Docket #: 04-2130 Filed: 8/25/04
Nsuit: 0 (Criminal or NOT SET)
Sands, et al v. US
Appeal from: U.S. District Court for the District of Rhode Island

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Lower court information:

District: 0103-1 : 00-00020
Ordering Judge: Ernest C. Torres, Judge
trial judge: Robert W. Lovegreen, Magistrate Judge
Date Filed: **/**/**
Date order/judgment: **/**/**
Date NOA filed: **/**/**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Fee status: waived

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Prior cases:
None
Current cases:

| | Lead | Member | Start | End |
|---|---|---|---|---|
| Related: | | | | |
| | 04- 2130 | 05- 1280 | 3/4/05 | |
| | 02- 1597 | 04- 2130 | 8/25/04 | |
| | 03- 1378 | 04- 2130 | 8/25/04 | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Panel Assignment:

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Docket as of March 4, 2005 8:34 pm Page 1

04-2130 Sands, et al v. US

KEITH M. SANDS, JR.
Petitioner

Keith M. Sands, Jr.
[COR LD NTC pro]
Reg. No. 04823-070
Allenwood FCI
P.O. Box 2500
White Deer, PA 17887-2000

v.

27

1291 (11th Cir. 2004) (denying leave to file second or successive habeas motion based on Blakely); Simpson v. United States, 376 F.3d 679, 681 (7th Cir. 2004) (same); see generally Tyler v. Cain, 533 U.S. 656, 663 (2001) ("a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive"); Sustache-Rivera v. United States, 221 F.3d 8, 15 (1st Cir. 2001). "If the Supreme Court eventually makes the [Blakely] rule retroactive, [Sands] may at that time attempt a claim by second or successive § 2255 petition." Sustache-Rivera, 221 F.3d at 16-17 (footnote omitted). Until that time, however, the instant application "must be considered premature." Id. at 15 n.12. The application is denied without prejudice. [912599-1] [04-2130] (mlyn)

10/8/04 MOTION RECONSIDER JUDGMENT filed by Petitioner Keith M. Sands. Certificate of service dated 10/4/04. [04-2130] (mlyn)

10/28/04 ORDER entered by Chief Judge Michael Boudin, Judge Juan R. Torruella, Judge Jeffrey R. Howard. Keith M. Sands, Jr. has moved for reconsideration of the denial of his application for leave to file a second or successive habeas corpus petition. Treating that motion as a petition for rehearing, we dismiss it because 28 U.S.C. § 2244(b)(3)(E) provides that "the denial of an authorization by a court of appeals to file a second or successive application [for habeas relief] shall not be . . . the subject of a petition for rehearing." Dismissed. [04-2130] (mlyn)



| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 09/01/2006 12:23:27 | | | |
| PACER Login: | us0556 | Client Code: | |
| Description: | dkt report | Case Number: | 04-2130 |
| Billable Pages: | 5 | Cost: | 0.40 |

Home P.A.C.E.R. Opinions Lower Dkt Help

# General Docket

## US Court of Appeals for the First Circuit

Court of Appeals Docket #: 05-1280 Filed: 3/4/05
Nsuit: 0 (Criminal or NOT SET)
Sands v. US
Appeal from: U.S. District Court for the District of Rhode Island

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Lower court information:

District: 0103-1 : 00-00020
trial judge: Robert W. Lovegreen, Magistrate Judge
Ordering Judge: Ernest C. Torres, Judge
Date Filed: **/**/**
Date order/judgment: **/**/**
Date NOA filed: **/**/**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Fee status: waived

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Prior cases:
None
Current cases:

| | Lead | Member | Start | End |
|---|---|---|---|---|
| Related: | | | | |
| | 02- 1597 | 05- 1280 | 3/4/05 | |
| | 03- 1378 | 05- 1280 | 3/4/05 | |
| | 04- 2130 | 05- 1280 | 3/4/05 | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Panel Assignment:

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Docket as of May 4, 2005 12:15 pm Page 1

05-1280 Sands v. US

KEITH M. SANDS, JR.
Petitioner

Keith M. Sands, Jr.
[COR LD NTC pro]
Reg. No. 04823-070
Allenwood FCI
P.O. Box 2500
White Deer, PA 17887-2000

v.

31

| | |
|---|---|
| UNITED STATES<br>Respondent | Gerard B. Sullivan<br>FTS 401-709-5001<br>401-709-5000<br>[NTC gvt]<br>U.S. Attorney's Office<br>Fleet Center<br>50 Kennedy Plaza<br>8th Floor<br>Providence, RI 02903<br><br>Donald Lockhart<br>FTS 401-709-5001<br>401-709-5030<br>[COR NTC gvt]<br>U.S. Attorney's Office<br>Fleet Center<br>50 Kennedy Plaza<br>8th Fl.<br>Providence, RI 02903 |

Docket as of May 4, 2005 12:15 pm Page 2

---

05-1280 Sands v. US

KEITH M. SANDS, JR.

Petitioner

v.

UNITED STATES

Respondent

Docket as of May 4, 2005 12:15 pm Page 3

---

05-1280 Sands v. US

| | |
|---|---|
| 3/4/05 | ORIGINAL PROCEEDING docketed. Opening forms sent. Petition filed by Petitioner Keith M. Sands, Jr.. [05-1280] (geor) |
| 3/4/05 | PETITION filed by Petitioner Keith M. Sands, Jr. for permission to file successive motion to vacate under 28 U.S.C. Sec. 2244 Seeking Review of An Earlier Application, That Was Dimissed Without Prejudice. Certificate of Service dated 10/8/04. [05-1280] (geor) |
| 3/10/05 | ATTORNEY Donald Lockhart for Respondent US added to case. |

32

[05-1280] (geor)

3/10/05 APPEARANCE filed by Donald Lockhart for Respondent US. [968726-1] [05-1280] (geor)

3/11/05 APPEARANCE filed by Keith M. Sands for Petitioner Keith M. Sands. [969447-1] [05-1280] (geor)

3/11/05 CASE SUBMITTED . Torruella, Lipez, Howard, Circuit Judges. [05-1280] (turn)

3/22/05 JUDGMENT entered by Judge Juan R. Torruella, Judge Kermit V. Lipez, and Judge Jeffrey R. Howard. Relying on United States v. Booker, 125 S. Ct. 738 (2005), Keith M. Sands, Jr., who is currently serving a federal prison sentence, has moved for reconsideration of this court's previous denial of his application to file a second or successive habeas petition. Treating the present motion as an application to file another habeas petition, we deny it without prejudice because, under the relevant gatekeeping provision, a new rule of law can form the basis for a second or successive habeas petition only if that rule is "made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2255, para. 8(2). Even assuming, without deciding, that Booker announces "a new rule of constitutional law . . . that was not previously available," id., to date, the Supreme Court has not declared its ruling in Booker to be retroactive to cases on collateral review. Therefore, Sands may not rely on that decision as a ground for filing a second or successive petition to vacate his federal sentence. See Green v. United States, 397 F.3d 101 (2d Cir. 2005); In re Anderson, 396 F.3d 1336 (11th Cir. 2005); see generally Tyler v. Cain, 533 U.S. 656, 663 (2001) (explaining that "a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive") (citation omitted). If the Supreme Court eventually makes the Booker rule retroactive, Sands may at that time attempt a claim by second or successive § 2255 petition. Until that time, however, the instant application must be considered premature. The application is denied without prejudice. [973239-1] [05-1280] (geor)



| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 09/01/2006 12:22:49 | | | |
| PACER Login: | us0556 | Client Code: | |
| Description: | dkt report | Case Number: | 05-1280 |
| Billable Pages: | 4 | Cost: | 0.32 |

33

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

APR - 5

KEITH M. SANDS, JR.

v. C.A. No. 01-503-T

UNITED STATES OF AMERICA

**MEMORANDUM AND ORDER**

Ernest C. Torres, Chief Judge.

Keith M. Sands, Jr., has filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the motion is denied.

**Facts and Background**

On June 30, 2000, Sands pled guilty to one count of conspiracy to distribute cocaine base (Count I), two counts of distributing cocaine base (Counts II and III) and one count of distributing cocaine hydrochloride (Count IV), violations of 21 U.S.C. §§ 841(a)(1) and 846, and 18 U.S.C. § 2. On each of the four counts of conviction, Sands received concurrent sentences of 188-months imprisonment. In addition, the Court imposed concurrent terms of supervised release of four-years on Counts I and II, and three-years on Counts III and IV. Sands did not appeal his conviction or sentence.

Sands makes five arguments in support of his § 2255 motion. Sands contends that:

(1) This Court lacked jurisdiction to convict or sentence him because the indictment omitted some elements of the crimes charged; namely, the type and quantity of the drugs at issue and

34

8

that it failed to reference the penalty provisions enumerated in 21 U.S.C. § 841(b).

(2) Under Apprendi v. New Jersey, 530 U.S. 466 (2000), this Court lacked jurisdiction to impose a sentence greater than the so-called "default penalty" contained in § 841(b)(1)(C).

(3) Under Apprendi, 21 U.S.C. §§ 841(b)(1)(A) and (b)(1)(B) are facially unconstitutional.

(4) His sentence was "enhanced" based upon his prior criminal convictions without the notice required by Due Process Clause of the Fifth Amendment and 21 U.S.C. § 851.

(5) His defense counsel was ineffective in failing to raise the above "issues" and in advising him to plead guilty.

## Discussion

I. Section 2255.

28 U.S.C. § 2255 provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct sentence.

A § 2255 movant is procedurally barred from raising issues that could have been presented on direct appeal absent a showing of both "cause" for the default and "prejudice" or,

alternatively, that he is "actually innocent." E.g., Brache v. United States, 165 F.3d 99, 102 (1st Cir. 1999). However, no such showing is required with respect to ineffective assistance of counsel claims because, generally, those claims cannot be raised on direct appeal. Knight v. United States, 37 F.3d 769, 774 (1st Cir. 1994).

Since Sands has failed to make the showing required to excuse his procedural default, his first four claims are procedurally barred. Moreover, all of his claims, including his claim of ineffective assistance of counsel, lack merit.

II. The Indictment's Sufficiency.

Sands' argument that this Court lacked jurisdiction to convict and sentence him because the indictment was defective fails for several reasons.

First, the statutory penalties for drug violations are not "elements" of a § 841 offense. Rather, the elements of the offense are delineated in § 841(a). At least one federal appellate court has concluded that Apprendi did not transform the drug-type and quantity considerations in § 841(b) into "elements" of a § 841 violation. See United States v. Bjorkman, 270 F.3d 482, 490-91 (7th Cir. 2001), petitions for cert. filed (U.S. Jan. 28, 2002)(No. 01-1113); (U.S. Jan 25, 2002)(No. 01-8356), (citing United States v. Brough, 243 F.3d 1078, 1079 (7th Cir.), cert. denied, ___ U.S. ___, 122 S.Ct. 203 (2001)).



36

Second, even if an indictment omits an element of a charged offense, that does not divest the district court of jurisdiction. Bjorkman, 270 F.3d at 490. See United States v. Mojica-Baez, 229 F.3d 292 (1st Cir. 2000), cert. denied, ___ U.S. ___, 121 S.Ct. 2215 (2001), (conducting plain error review where indictment alleging use of a firearm in violation of 18 U.S.C. § 924(c)(1) did not specifically allege that the firearm was a semiautomatic weapon, a fact which triggered an enhanced penalty). More specifically, whether an indictment satisfies Apprendi is not a jurisdictional question. McCoy v. United States, 266 F.3d 1245, 1249 (11th Cir. 2001), petition for cert. filed (U.S. Dec. 26, 2001) (No. 01-8115). Here, this Court had jurisdiction because the indictment charged violations of 21 U.S.C. §§ 841(a)(1), 846 and 18 U.S.C. § 2, all of which are offenses "against the laws of the United States" over which the district court has original jurisdiction. See 18 U.S.C. § 3231; United States v. DiSanto, 86 F.3d 1238, 1246 (1st Cir. 1996).

Third, Sands is not now entitled to relief because he pled guilty and admitted the nature and quantities of the drugs on which his sentence was based. Cr. No. 00-020T, Tr. (6/30/2000) at 19-20, 22. Moreover, he acknowledged fully understanding the applicable penalties. Id. at 12-13; Amended Plea Agreement at ¶3.

III. The Validity of the Sentence Imposed.

The 188-month sentences imposed were less than the 20-year maximum specified in 21 U.S.C. § 841(b)(1)(C), the default provision. Thus, that aspect of Sands' sentence does not run afoul of Apprendi. "No Apprendi violation occurs when the district court sentences a defendant below the default statutory maximum, even though drug quantity, determined by the court under a preponderance-of-the-evidence standard, influences the length of the sentence imposed." United States v. Robinson, 241 F.3d 115, 119 (1st Cir.), cert. denied, ___ U.S. ___, 122 S.Ct. 130 (2001) (citations omitted).

The only arguable Apprendi violations were the four-year terms of supervised release imposed on Counts I and II. The penalty for those violations is prescribed in § 841(b)(1)(B) which provides for a supervised release term of "at least" four years. Sands contends that, because the indictment doesn't allege a drug quantity, one must apply the default penalty contained in § 841(b)(1)(C). That subsection provides for a term of supervised release of "at least 3 years." 21 U.S.C. § 841(b)(1)(C) (emphasis added). At first blush, § 841(b)(1)(C) appears to authorize the four-year sentences Sands received. However, in Suveges v. United States, 7 F.3d 6, 10 n. 6 (1st Cir. 1993), the First Circuit determined that the maximum term of supervised release that could be imposed pursuant to §



38

841(b)(1)(C) was the three-year maximum specified in 18 U.S.C. § 3583(b)(2).

Nevertheless, Sands is precluded from obtaining relief on the ground that the quantity of drugs on which his sentence was based was not determined beyond a reasonable doubt by a jury. In pleading guilty, Sands admitted those quantities and acknowledged understanding that he could be sentenced to a term of supervised release of at least four years and up to life on Counts I and II.[1] Tr. (6/30/2000) at 10; Amended Plea Agreement at ¶ 3.

Under such circumstances, Sands may be said to have waived any claim of Apprendi error. See United States v. Sanchez, 269 F.3d 1250, 1271 n. 40 (11th Cir. 2001), cert. denied, ___ U.S. ___, 2002 WL 205399 (2002), ("[W]hen a defendant pleads guilty and accepts the drug quantity determination contained in the pre-sentence report or agrees to drug quantity at sentencing or in his plea colloquy, he waives any right to appeal his sentence on the basis of Apprendi, regardless of what sentence is ultimately imposed.") (citation omitted). But see, United States v. Dinnall, 269 F.3d 418, 423 n.3 (4th Cir. 2001) (absence of drug quantity allegation in indictment amounts to jurisdictional error that is not waived by guilty plea).

Alternatively, Sands' admission of the relevant facts may be

---

[1] In fact, under the First Circuit's analysis in Suveges, Sands was subject to a maximum of five-years supervised release. See 18 U.S.C. §§ 3559(a) and 3583(b)(1).

viewed as rendering any Apprendi violation harmless error. See United States v. Duarte, 246 F.3d 56, 60-61, 62-63 (1st Cir. 2001) (declining to address "waiver" issue but concluding, under plain-error analysis, that sentence would not be vacated where appellant, in pleading guilty to drug-trafficking charges, unequivocally accepted responsibility for a specific drug amount with full knowledge of the maximum penalties applicable to offenses of that magnitude and was sentenced in accordance with that quantity admission since he could not demonstrate that the presumed Apprendi error affected his substantial rights). "[I]t is settled that an Apprendi error can be harmless where the evidence overwhelmingly establishes the minimum drug quantity needed to justify a higher statutory maximum." United States v. Martinez-Medina, 279 F.3d 105, 121-22 (1st Cir. 2002) (citing Duarte, 246 F.3d at 62; Sustache-Rivera v. United States, 221 F.3d 8, 17-18 (1st Cir. 2000)).

IV. 21 U.S.C. § 841(b) and its Validity.

The penalties for violations of § 841(a) are set forth in § 841(b). Subsection(b) establishes a graduated schedule of minimum and maximum penalties based upon drug type and quantity. Cocaine offenses involving less than 500 grams of a mixture containing cocaine powder or less than 5 grams of cocaine base ("crack") are punishable by a maximum sentence of 20-years imprisonment. § 841(b)(1)(C). For offenses involving larger

quantities, §§ 841(b)(1)(B) and (b)(1)(A) specify sentencing ranges of 3-40 years and 10-years-to-life, respectively.

In Apprendi, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." 530 U.S. at 490. Sands appears to argue that Apprendi, renders §§841(b)(1)(A) and (B) facially unconstitutional because they do not require the drug quantity determination triggering their application to be made by a jury. However, identical challenges have been rejected by several courts of appeals, including the First Circuit. E.g. United States v. Lopez-Lopez, 282 F.3d 1, 22 (1st Cir. 2002); United States v. Collazo-Aponte, 281 F.3d 320, 325 (1st Cir. 2002); United States v. Buckland, 277 F.3d 1173, 1177, 1179-80 (9th Cir. 2002); United States v. Cernobyl, 255 F.3d 1215, 1219 (10th Cir. 2001); United States v. Brough, 243 F.3d 1078, 1079 (7th Cir.), cert. denied, ___ U.S. ___, 122 S.Ct. 203 (2001).

V. The Sentencing "Enhancement".

Sands' argument that "enhancing" his sentence because of his previous convictions without prior notice violated 21 U.S.C. § 851 and the Due Process Clause requires little discussion. First, although Sands' prior convictions affected his guideline range, they were not used to "increase his punishment" within the



41

meaning of 21 U.S.C. § 851. Thus, compliance with the statute's notification provision was not required. Suveges, 7 F.3d at 9.

Second, consistent with his right to due process, Sands was given full and fair notice that his prior convictions would be considered in determining his sentence under the sentencing guidelines. He was provided with and acknowledged reading and discussing with his counsel, the presentence investigation report (PSR) that fully described how his guideline range was calculated. In fact, Sands submitted objections to portions of the PSR and those objections were addressed at the time of sentencing.

VI. The Adequacy of Defense Counsel's Representation.

Sands' claim that defense counsel's failure to pursue the aforementioned "issues" amounted to a denial of his Sixth Amendment right to effective assistance of counsel fails because, as already noted, there was no merit to any of them. Counsel cannot be deemed ineffective for failing to make or pursue claims lacking merit. See Vieux v. Pepe, 184 F.3d 59,64 (1st Cir. 1999) (counsel's failure to pursue a futile tactic did not render his performance deficient).

Nor has Sands provided any basis whatsoever for his assertion that his attorney acted unreasonably in advising him to plead guilty. Also, Sands' bald assertion that his plea was neither knowing nor voluntary is flatly contradicted by the

under-oath assurances Sands made at the change-of-plea hearing. Tr. (6/30/2000) at 9-29.

**Conclusion**

For the above reasons, Sands' motion to vacate, set aside or correct sentence is denied.

IT IS SO ORDERED.

Ernest C Torres

Ernest C. Torres
Chief Judge

Date: 4/3/02

JAN 14 2003

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CA 01-503

KEITH M. SANDS, JR, Petitioner

Vs.

UNITED STATES Respondent

District Court No: 01-cv5 (E.C. TORRES)
U.S.C.A. No: 02-1597

RECEIVED
DEC 23 2002
Property of U.S. District Court
District of Rhode Island

Pursuant To Fed. Rules Civ, Proc, 60 (b) This Pro-se Petitioner Moves For Vacatur of This Courts Judgement Denying His Habeas Corpus, And Denying The Requested Certificate Of Appealability.

This matter now comes before this Honorable Court pursuant to Federal Rules of Civil Procedure 60 (b) .

This motion raises no new issues, and only makes evident that this District Court, as well as the Court Of Appeals for this circuit, have obviously misapprehended, or overlooked the U.S. Supreme Courts "unanimous" ruling cited in **Stinson Vs. U.S**. 123 L.Ed.2d. 598, Id.at 600 .

In this petitioners previously filed 2255 Habeas Corpus, filed in this Court, this petitioner claimed that this District Court lacked "Authority" to enhance his 21 U.S.C. 841 sentence for reasons of--one or more prior convictions, without first serving upon the petitioner, the Congressionally required 21 U.S. 851 (a)(1) "Information." This petitioner also claimed that this court indeed violated due-process, by not affording the opportunity to challenge the prior convictions being so relied upon, in accordance to section (b) of the Federal Statute of 21 U.S.C. 851 . This Court dismissed the pro-se 2255, and denied the requested Cerificate Of Appealability, ruling that, albeit this petitioner was characterized as a Career Offender, the sentence imposed was not

(44) 93

RECEIVED

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

KEITH M. SANDS JR., )
Petitioner )
)
vs. ) DOCKET No. CR. 00-20 T
)
UNITED STATES OF AMERICA )
Respondent

**GOVERNMENT'S RESPONSE TO DEFENDANT'S PETITION FOR VACATUR PURSUANT TO RULE 60(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

The defendant/petitioner, Keith M. Sands, Jr. ("Sands"), acting pro-se, "...Moves for Vacatur of this Courts (sic) Judgment Denying His Habeas Corpus, and Denying the Requested Certificate of Appealability." The Motion raises no new issues which were not previously adjudicated by the District Court and the First Circuit Court of Appeals. As Sands concedes, both the District Court and the Court of Appeals have ruled on his issues. Therefore, no further action is required on this case. To the extent that this Motion is an attempt to relitigate his original §2255 filing or to file a second §2255 Petition, Sands should comply with the requirements of the AEDPA for second and subsequent §2255 petitions.

Respectfully submitted,
MARGARET E. CURRAN
Assistant U.S. Attorney

Gerard B. Sullivan

GERARD B. SULLIVAN
Assistant U.S. Attorney

45

..917 F.2d. 607 (1st.Cir. 1990) as its reason for denying the C.O.A., it is obvious that the Appeals Court also overlooked the Supreme Courts holding in Stinson, see the here attached statements from that Court.

This petitioner also filed a request for a panel re-hearing on the 851 issue, and according to the here attached document from that Court, dated 12/5/02, the panel voted to deny a rehearing.

Within 7 days thereafter, this petitioner filed a motion to Stay The Mandate, so that this motion pursuant to 60(b), and or a Writ Of Certiorari can be filed.

This petitioner asserts that the only judicial inquiry or question for this court is---whether the U.S. Sentencing Guideline Manual can overrule the U.S. Constitution, and existing Federal Statutes such as 21 U.S.C. 851 ???, .

This pro-se petitioner contends that the "unanimous" Supreme Court has already answered this question for the courts, and it is strongly suggested that this court affirm the Supreme Courts ruling.

It should also be duly noted, that Sanchez was decided by the First Circuit Court Of Appeals--long before the Supreme Court made its ruling in Stinson.

Wherefore all of the herein written reasons, inter-alia, this pro-se petitioner prays that this motion 60(b) be granted, and that his Writ Of Habeas Corpus be re-instated, or that a C.O.A. be granted on this issue, because it is indeed obvious that both courts have inadvertently overlooked the higher Courts ruling in Stinson, 123 L.Ed.2d. 598.

DENIED For reasons stated in Govt's memo

Ernest C. Torres
Chief, US District Judge
1/14/03

Respectfully Submitted by

Keith M [signature] # 04823070

F.C.I. Allenwood. P.O. Box 2000

White Deer. P.A. 17887

(46)