UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

Office Of Professional Responsibility

In Re, Keith M. Sands, Vs. Misconduct of Attorney Michael J. Gardiner

Criminal No:00-Cr-0020-T Civil Action No:01-cv-0503

AFFIDAVIT /COMPLAINT

To, The Chief Judge; and or Members of the Bar investigating misconduct of Attorneys whom are allowed to practice Law in this First Circuit's U.S. District Courts.

From, The Pro-se Complainant, Keith M. Sands # 04823-070
U.S. Penitentiary, Canaan. P.O. Box 300, Waymart. P.A. 18472

Re, This Affidavit / Complainant is written and duly sworen so as to formally commence an investgation into the unethical misconduct and deficient performance that borders a criminal practice of law where Attorney Michael J. Gardiner unilaterally choose not to file a requested "Notice Of Appeal" in the above captioned criminal case. At sentencing, where it became clear to this Complainant, that the government had intent on enhancing this complainant's sentence by labeling me as a "Career Offender" without prior notice as is lawfully required by 21 U.S.C. 851/and or Burns Vs. U.S. 501 US.129 (1991) at Fed.R.Crim.Proc. 32(h).
In short, Attorney M.J. Gardiner's unethical conduct in refusing to file the requested "notice" is-according to the U.S. Supreme court, Per-se ineffective assistance, and the prejudice caused this Complanant not to receive a direct appeal on those sentencing issues, whether to win/or to loss...it is lost without the requested "notice"...see the opinion in Roe Vs. Flores-Ortega, 528 US. 470, 145 L.Ed.2d. 989 (2000) Id.@ 989.

Moreover, according to the admonition of the U.S. Supreme Court, if Attorney Gardiner truely believed there were no viable avenues of relief, and the client insist on appeal, then the Attorney is required by law, to file the requested "Notice Of Appeal" on his clients behalf, and then file an Ander's Brief, see Anders Vs. California,

This unilateral action on part of any defense Counselor is woefully unethical, highly prejudice, and it is tantamount to a"directed approval" of the sentence that is being enhanced without the notice requirements so cited above.

At a bear minimum, this Pro-se Complainant should be, according to the Supreme Court, in Roe Vs. Flores-Ortega,supra, entitled to an evidentiary hearing on the limited questions of...whether Mr. Gardiner violated the Precedent established by the Supreme Court in Roe Vs Flores Ortega, and (ii) whether the lack of notice violated due-process as envisioned by the higher Court in Burns Vs. U.S. 501 US. 129, as Statutorally required by Fed.R.Crim.Proc.. 32(h)(i), and (iii) whether the lack of notice circumvented Congressional intent and purpose of enacting the notice reqirements in the Federal statute at 21 U.S.C. 851...

Wherefore all of the herein written reasons inter-alia, this Court should demand Mr. M.J. Gardiner "Show Cause" for his unethical mis-conduct, in a written response to this office and to this Complainant within 15 days of this complaint.

Respectfully Submitted
by K.M.S. 04823-070
On this date of 10/2/06

Certification Of Serice

I K.M.S. Certify that a true copy of this Complaint was recorded by Prison Officals and mailed postage pre-paid, to the last known address of the Attorney above mentioned, and a copy was mailed to the U.S. District Court on this date.

I K.M.S. Certify that the herein written is true and correct pursuant to title 28 U.S.C. 1746.