UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| KEITH M. SANDS, JR. Petitioner, | * | Criminal No:00-0020-T |
| Vs. | * | Civil Act No:01-cv-0503 |
| UNITED STATES OF AMERICA, Respondent | * | |

"Traverse Response"
In Opposition To The Government's Objections

Comes Now, this Pro-se Petitioner, Keith M. Sands, whom, in the interest of justice and fundamental fairness, files this Opposition Motion in Response to the Governments latest request to dismiss the Pro-se Writ pursuant to title 28 U.S.C. 1651, filed to "Stay Judgments" that were obtained in violation of Fed.R.Crim.Proc. 32(h) and in violation of U.S. Supreme Court Precedents such as Burns Vs. U.S. 501 US 129 (1991) Roe Vs. Flores-Ortega,528 US 470 (2000) and Apprendi Vs. New Jersey, 530 US 466 (2000) and in violation of Congressional intent of 21 U.S.C. 851.

Uring this Court to invoke the liberal principals of the U.S. Supreme Court's decision in Haines Vs. Kerner,404 US 519(1972) and recognize this U.S. District Court power and jurisdiction under titles 28 U.S.C. 1651, 18 U.S.C. 3582(c)(2) and 18 U.S.C. 3742, in the interest of justice, while this pro-se petitioner moves this Honorable Court to hold an "evidentiary hearing" to review its earlier rulings issued on 4-3-02 which effectively prejudiced all the written proceedings thereafter.

Earlier, on 4-3-02 this Court ruled that[this Movant is "Procedurally Barred" from raising issues that could have been presented on **direct appeal**, and absent a showing of both "cause" for the default, and "prejudice"...and since Sands has failed to make the showing required to excus his procedural default, his first four claims were "Procedurally Barred"] Id.@ page 2-3 Courts Memorandum and Order here attached.

Further, this Court ruled that[all the claims lacked merit] that including the claim of ineffective assistance of Counsel.

As a matter of the present state-and clarity of the law on the issues previously raised, the Judgments earlier entered, should be "stayed"......

Because, this Court never answered the question of whether the Attorney's "refusal to file **a requested** Notice Of Appeal" or an Ander's Brief CAUSED **Prejudice** or violated the U.S. Supreme Courts precedents in Roe Vs. Flores-Ortega, 528 US 470 (2000) and Anders Vs. California,

This Court only addressed the pre-sumed merits of the issues, in view of the cloudy state of the law, at that time.

However, it is now clear and obvious, from the U.S. Supreme Courts belated ruling in Blakely Vs. Washington, which, according to the higher Court, **is only a reiteration of its ruling in** Apprendi Vs. New Jersey,530 US 466 that this Pro-se Petitioner was right on point-about his earlier assertions that this District Court had violated the principals established by the Supreme Court in Apprendi, which was the law at the time sentence was imposed in this case. Likewise, it is now clear that this Petitioner's due-process rights to "Notice" were violated as articulated by Congress' intent and purpose of title 21 U.S.C. 851, reiterated at Fed.R.Crim. Proc. 32(h) and announced by the Supreme Court in Burn Vs. U.S. 501 US 129(1991) .

It is for these reasons, the Judgments should be "Stayed" and an "evidentiary hearing should be held....as a matter of law according Roe Vs. Flores-Ortega, supra.

The requested "evidentiary hearing" would not be about whether Attorney Michael Gardiner's refusal to file the requested Notice Of Appeal should reverse to the conviction in this case, however, the requested hearing should determine whether(i) the Attorneys refusal to file the requested Notice Of Appeal violated U.S. Supreme courts precedent in Roe Vs. Flores-Ortega, and Anders Vs. California, and(ii) was the drug type and quantity determination-made by the Judge-using the preponderance of evidence standard-on an amount **not indicted**, in violation of the Fifth Amendment Grand Jury Clause, and the Fifth and Sixth Amendments as was interpreted by the U.S. Supreme court in both Apprendi and Blakely, (iii)under the rule of lenity, is this petitioner entitled "to a correction" and "reduction of sentence" for the above reasons...and because the Court has conceded to the fact that this petitioner was sentenced under 841 (b) (1) **(C) 20 year maximum**, and was erroroneously given **(4) Four years of Supervised Release..instead of (3)three years Supervised Release.**
At Present, the sentence is 48 months(SR) plus 188 Months imprisonment, a total of 236 months....where the Government violated the plea agreement by failing to factor in the 3 level downward departure for acceptance of responsibility, and (iv) is petitioner entitled to a reduction in his sentence where **no "Notice" of any upward departure from the base offense level was given....until after the plea was entered.**
The sentence of 236 months should-given the facts of the case, be reduced to 120 months imprisonment, plus 36 months Supervised Release via title 18 U.S.C. 3582 and 18 U.S.C. 3742 as a "mis-application of the sentencing guidelines where procedural rule 32(h) was ignored, and constitutional protected due-process was violated as interpreted by the Supreme Court in Burns Vs. U.S. 501 US 129 (1991) and Congressional intent of 21 U.S.C. 851

.............was surreptitiously circumvented by mis-applying 4B1.1 without giving notice until after the plea was entered. See Burns supra.

"In Opposition To The Governments Response"

It should be duly noted, that the U.S. Supreme Court, and all Courts that were established by an Act Of Congress have the power to issue any and all Writs necessary or appropriate in the interest of justice, and in aid of their respective jurisdictions where it is agreeable to the usage of and principals of fundamental fairness and laws of the United States.

Here, where it is clear, that this Pro-se layman of law has been arguing for 6 years, that his trial Attorney refused to file a requested...Notice Of Appeal, it is wholly unethical and totally improper for any AUSA to ignore that fact, while claiming that he/she is woking to promote justice.

Congress vested jurisdiction to this U.S.District Court under title 28 U.S.C. 1651 **all writs necessary to aid "the Court"** in upholding the principals of law, not to turn a deaf-ear to injustice errected by the cry of an alleged "procedural bar", and certainly not to aid an Attorney's per-se violation of the Supreme courts admonition in Roe Vs. Flores-Ortega. Further, contrary to the Governments suggestion, it would be error for this Court simply ignore the U.S. Supreme courts holding in Castor Vs. U.S. 157 L.Ed.2d.778(2003) and re-label or re-characterize this 1651 writ as if it were an unauthorized seccessive 2255.

This Writ was orginally established by Congress to aid the Courts in holding judicial hearings of necessity, and to avoid any complete miscarriages of justice, and there is no "Procedural Bar" to that Congressional mandate see Engle Vs. Isaac, 456 US 107, Id.@ 142.

This Federal Court has an obligation to adhere to Supreme Court rule and Precedent, and that Court has ruled-that an Attorney is.... Per-se ineffective where he has failed to file his clients **requested** "Notice Of Appeal" and an "evidentiary hearing on the issue is a matter of necessity, and is required as a matter of law.

Moreover, this issue of the Attorney's refusal to file the **requested** "Notice Of Appeal" **is not a new issue.....Contrary to the AUSA's recent assertion, this issue was infact earlier raised in the original 2255, and the"same" AUSA filed Response to that claim, in his Response to the 2255.** After the "Traverse Response" filed in Opposition to the AUSA's Response, this Court **did not address the issue of the Attorney's refusal to file the requested Notice Of Appeal...**

Extraneous to the point raised, this Court only ruled that the Attorney was not ineffective-for raising "these" issues, wholly overlooking or sidestepping the point of Roe Vs. Flores-Ortega,......that is, whatever issues the client wanted to raise on direct appeal, he has already loss if no "Notice was filed on his behalf".....and that is the requisite "Cause and Prejudice" according to the U.S. Supreme court .

Wherefore all of the herein written reasons, inter-alia, relief requested should be granted, or "an evidentiary hearing should be held in the interest of justice.

Respectfully Submitted
by Keith M. Sands 04823-070
U.S. Penitentiary, Canaan. P.O. Box 300
Waymart. P.A. 18472

Certification Of Service

I K.M.S Certify that a true copy of this Opposition To The Governments Response was recorded by Prison Officals and mailed, postage prepaid to the AUSA for The District Of Rhode Island at 50 Kennedy Plaza, Eighth Floor, Providence Rhode Island 02903, on this date of 10/23/06.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

APR - 5

KEITH M. SANDS, JR.

v. C.A. No. 01-503-T

UNITED STATES OF AMERICA

MEMORANDUM AND ORDER

Ernest C. Torres, Chief Judge.

Keith M. Sands, Jr., has filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the motion is denied.

## Facts and Background

On June 30, 2000, Sands pled guilty to one count of conspiracy to distribute cocaine base (Count I), two counts of distributing cocaine base (Counts II and III) and one count of distributing cocaine hydrochloride (Count IV), violations of 21 U.S.C. §§ 841(a)(1) and 846, and 18 U.S.C. § 2. On each of the four counts of conviction, Sands received concurrent sentences of 188-months imprisonment. In addition, the Court imposed concurrent terms of supervised release of four-years on Counts I and II, and three-years on Counts III and IV. Sands did not appeal his conviction or sentence.

Sands makes five arguments in support of his § 2255 motion. Sands contends that:

(1) This Court lacked jurisdiction to convict or sentence him because the indictment omitted some elements of the crimes charged; namely, the type and quantity of the drugs at issue and

34

that it failed to reference the penalty provisions enumerated in 21 U.S.C. § 841(b).

(2) Under Apprendi v. New Jersey, 530 U.S. 466 (2000), this Court lacked jurisdiction to impose a sentence greater than the so-called "default penalty" contained in § 841(b)(1)(C).

(3) Under Apprendi, 21 U.S.C. §§ 841(b)(1)(A) and (b)(1)(B) are facially unconstitutionally Applied

(4) His sentence was "enhanced" based upon his prior criminal convictions without the notice, required by Due Process Clause of the Fifth Amendment and 21 U.S.C. § 851.

(5) His defense counsel was ineffective in failing to raise the above "issues" and in advising him to plead guilty. and not failing the requested Notice of Appeal.

## Discussion

I. Section 2255.

28 U.S.C. § 2255 provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct sentence.

A § 2255 movant is procedurally barred from raising issues that could have been "presented on direct appeal" absent a showing of both "cause" for the default and "prejudice" or,

How could I have "Presented this on direct appeal" When Attorney M. Gardiner refused to file the requested "notice of Appeal" ??



35

alternatively, that he is "actually innocent." E.g., Brache v. United States, 165 F.3d 99, 102 (1st Cir. 1999). However, no such showing is required with respect to ineffective assistance of counsel claims because, generally, those claims cannot be raised on direct appeal. Knight v. United States, 37 F.3d 769, 774 (1st Cir. 1994).

Since Sands has failed to make the showing required to excuse his procedural default, his first four claims are procedurally barred. Moreover, all of his claims, including his claim of ineffective assistance of counsel, lack merit.

II. The Indictment's Sufficiency.

Sands' argument that this Court lacked jurisdiction to convict and sentence him because the indictment was defective fails for several reasons.

First, the statutory penalties for drug violations are not "elements" of a § 841 offense. Rather, the elements of the offense are delineated in § 841(a). At least one federal appellate court has concluded that Apprendi did not transform the drug-type and quantity considerations in § 841(b) into "elements" of a § 841 violation. See United States v. Bjorkman, 270 F.3d 482, 490-91 (7th Cir. 2001), petitions for cert. filed (U.S. Jan. 28, 2002)(No. 01-1113); (U.S. Jan 25, 2002)(No. 01-8356), (citing United States v. Brough, 243 F.3d 1078, 1079 (7th Cir.), cert. denied, ___ U.S. ___, 122 S.Ct. 203 (2001)).

This is inconsistent with the Present state of the law



36

Second, even if an indictment omits an element of a charged offense, that does not divest the district court of jurisdiction. Bjorkman, 270 F.3d at 490. See United States v. Mojica-Baez, 229 F.3d 292 (1st Cir. 2000), cert. denied, ___ U.S. ___, 121 S.Ct. 2215 (2001), (conducting plain error review where indictment alleging use of a firearm in violation of 18 U.S.C. § 924(c)(1) did not specifically allege that the firearm was a semiautomatic weapon, a fact which triggered an enhanced penalty). More specifically, whether an indictment satisfies Apprendi is not a jurisdictional question. McCoy v. United States, 266 F.3d 1245, 1249 (11th Cir. 2001), petition for cert. filed (U.S. Dec. 26, 2001) (No. 01-8115). Here, this Court had jurisdiction because the indictment charged violations of 21 U.S.C. §§ 841(a)(1), 846 and 18 U.S.C. § 2, all of which are offenses "against the laws of the United States" over which the district court has original jurisdiction. See 18 U.S.C. § 3231; United States v. DiSanto, 86 F.3d 1238, 1246 (1st Cir. 1996).

Third, Sands is not now entitled to relief because he pled guilty and admitted the nature and quantities of the drugs on which his sentence was based. Cr. No. 00-020T, Tr. (6/30/2000) at 19-20, 22. Moreover, he acknowledged fully understanding the applicable penalties. Id. at 12-13; Amended Plea Agreement at ¶3.

III. The Validity of the Sentence Imposed.

The 188-month sentences imposed were less than the 20-year maximum specified in 21 U.S.C. § 841(b)(1)(C), the default provision. Thus, that aspect of Sands' sentence does not run afoul of Apprendi. "No Apprendi violation occurs when the district court sentences a defendant below the default statutory maximum, even though drug quantity, determined by the court under a preponderance-of-the-evidence standard, influences the length of the sentence imposed." United States v. Robinson, 241 F.3d 115, 119 (1st Cir.), cert. denied, ___ U.S. ___, 122 S.Ct. 130 (2001) (citations omitted). is in violation of Fifth and Sixth Amendment

not true

The only arguable Apprendi violations were the four-year terms of supervised release imposed on Counts I and II. The penalty for those violations is prescribed in § 841(b)(1)(B) which provides for a supervised release term of "at least" four years. Sands contends that, because the indictment doesn't allege a drug quantity, one must apply the default penalty contained in § 841(b)(1)(C). That subsection provides for a term of supervised release of "at least 3 years." 21 U.S.C. § 841(b)(1)(C) (emphasis added). At first blush, § 841(b)(1)(C) appears to authorize the four-year sentences Sands received. wrong However, in Suveges v. United States, 7 F.3d 6, 10 n. 6 (1st Cir. 1993), the First Circuit determined that the maximum term of supervised release that could be imposed pursuant to §

Originally, the sentence imposed had to start Well above 20 years

188 Plus 48 is 236

Plus 3 levels off, must have started Well above 236

841(b)(1)(C) was the three-year maximum specified in 18 U.S.C. § 3583(b)(2). so we do have admitted error on S-R

Nevertheless, Sands is precluded from obtaining relief on the ground that the quantity of drugs on which his sentence was based was not determined beyond a reasonable doubt by a jury. In pleading guilty, Sands admitted those quantities, and acknowledged [in the indictment] understanding that he could be sentenced to a term of supervised release of at least four years, and up to life on Counts I and II.[1] Tr. (6/30/2000) at 10; Amended Plea Agreement at ¶ 3.

Under such circumstances, Sands may be said to have waived any claim of Apprendi error. See United States v. Sanchez, 269 F.3d 1250, 1271 n. 40 (11th Cir. 2001), cert. denied, ___ U.S. ___, 2002 WL 205399 (2002), ("[W]hen a defendant pleads guilty and accepts the drug quantity determination contained in the pre-sentence report, or agrees to drug quantity at sentencing or in his plea colloquy, he waives any right to appeal his sentence on the basis of Apprendi, regardless of what sentence is ultimately imposed.") (citation omitted). But see, United States v. Dinnall, 269 F.3d 418, 423 n.3 (4th Cir. 2001) (absence of drug quantity allegation in indictment, amounts to jurisdictional error, that is not waived by guilty plea).

Alternatively, Sands' admission of the relevant facts may be

---

[1] In fact, under the First Circuit's analysis in Suveges, Sands was subject to a maximum of five-years supervised release. See 18 U.S.C. §§ 3559(a) and 3583(b)(1).

viewed as rendering any Apprendi violation harmless error. See United States v. Duarte, 246 F.3d 56, 60-61, 62-63 (1st Cir. 2001) (declining to address "waiver" issue but concluding, under plain-error analysis, that sentence would not be vacated where appellant, in pleading guilty to drug-trafficking charges, unequivocally accepted responsibility for a specific drug amount with full knowledge of the maximum penalties applicable to offenses of that magnitude and was sentenced in accordance with that quantity admission since he could not demonstrate that the presumed Apprendi error affected his substantial rights). "[I]t is settled that an Apprendi error can be harmless where the evidence overwhelmingly establishes the minimum drug quantity needed to justify a higher statutory maximum." United States v. Martinez-Medina, 279 F.3d 105, 121-22 (1st Cir. 2002) (citing Duarte, 246 F.3d at 62; Sustache-Rivera v. United States, 221 F.3d 8, 17-18 (1st Cir. 2000)).

IV. 21 U.S.C. § 841(b) and its Validity.

The penalties for violations of § 841(a) are set forth in § 841(b). Subsection(b) establishes a graduated schedule of minimum and maximum penalties based upon drug type and quantity. Cocaine offenses involving less than 500 grams of a mixture containing cocaine powder or less than 5 grams of cocaine base ("crack") are punishable by a maximum sentence of 20-years imprisonment. § 841(b)(1)(C). For offenses involving larger



40

quantities, §§ 841(b)(1)(B) and (b)(1)(A) specify sentencing ranges of 3-40 years and 10-years-to-life, respectively.

In Apprendi, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." 530 U.S. at 490. Sands appears to argue that Apprendi, renders §§841(b)(1)(A) and (B) facially unconstitutional because they do not require the drug quantity determination triggering their application to be made by a jury. However, identical challenges have been rejected by several courts of appeals, including the First Circuit. E.g. United States v. Lopez-Lopez, 282 F.3d 1, 22 (1st Cir. 2002); United States v. Collazo-Aponte, 281 F.3d 320, 325 (1st Cir. 2002); United States v. Buckland, 277 F.3d 1173, 1177, 1179-80 (9th Cir. 2002); United States v. Cernobyl, 255 F.3d 1215, 1219 (10th Cir. 2001); United States v. Brough, 243 F.3d 1078, 1079 (7th Cir.), cert. denied, ___ U.S. ___, 122 S.Ct. 203 (2001).

V. The Sentencing "Enhancement".

Sands' argument that "enhancing" his sentence because of his previous convictions without prior notice violated 21 U.S.C. § 851 and the Due Process Clause requires little discussion. First, although Sands' prior convictions affected his guideline range, they were not used to "increase his punishment" within the

Case 1:01-cv-00503-T Document 36 Filed 10/04/2006 Page 9 of 10

meaning of 21 U.S.C. § 851. Thus, compliance with the statute's notification provision was not required. Suveges, 7 F.3d at 9.

Second, consistent with his right to due process, Sands was given full and fair notice that his prior convictions would be considered in determining his sentence under the sentencing guidelines. He was provided with, and acknowledged reading, and discussing with his counsel, the presentence investigation report after the Plea was entered (PSR) that fully described how his guideline range was too late calculated. In fact, Sands submitted objections to portions of the PSR and those objections were addressed at the time of sentencing. rule 32(h) Burns

VI. The Adequacy of Defense Counsel's Representation.

Sands' claim that defense counsel's failure to pursue the aforementioned "issues" amounted to a denial of his Sixth Amendment right to effective assistance of counsel fails because, as already noted, there was no merit to any of them. Counsel cannot be deemed ineffective for failing to make or pursue claims lacking merit. See Vieux v. Pepe, 184 F.3d 59,64 (1st Cir. 1999) (counsel's failure to pursue a futile tactic did not render his performance deficient).

Nor has Sands provided any basis whatsoever for his assertion that his attorney acted unreasonably in advising him to plead guilty. Also, Sands' bald assertion that his plea was neither knowing nor voluntary is flatly contradicted by the



42

under-oath assurances Sands made at the change-of-plea hearing. Tr. (6/30/2000) at 9-29.

## Conclusion

For the above reasons, Sands' motion to vacate, set aside or correct sentence is denied.

IT IS SO ORDERED.

Ernest C. Torres
Chief Judge

Date: 4/3/02



43

115 LED2D 123, 501 US 129 BURNS v UNITED STATES

WILLIAM J. BURNS, Petitioner

vs.

UNITED STATES

**501 US 129, 115 L Ed 2d 123, 111 S Ct 2182**

[No. 89-7260]

**Argued December 3, 1990.**

**Decided June 13, 1991.**

## DECISION

Federal District Court held required, before departing upward on its own motion from Sentencing Guidelines' sentencing range, to give parties reasonable notice that court is contemplating such action..

© 2006 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to th restrictions and terms and conditions of the Matthew Bender Master Agreement

this Court has readily construed statutes that authorize deprivations of liberty or property to require that the Government give affected individuals *both* notice

[501 US 138]

*and* a meaningful opportunity to be heard. See American Power & Light Co. v SEC, 329 US 90, 107-108, 91 L Ed 103, 67 S Ct 133 (1946) (statute permitting Securities and Exchange Commission to order corporate dissolution); The Japanese Immigrant Case, 189 US 86, 99-101, 47 L Ed 721, 23 S Ct 611 (1903) (statute permitting exclusion of aliens seeking to enter United States). The Court has likewise inferred other statutory protections essential to assuring procedural fairness. See Kent v United States, 383 US 541, 557, 16 L Ed 2d 84, 86 S Ct 1045 (1966) (right to full, adversary-style representation in juvenile transfer proceedings); Greene v McElroy, 360 US 474, 495-508, 13 L Ed 2d 1377, 79 S Ct 1400 (1959) (right to confront adverse witnesses and evidence in security-clearance revocation proceedings); Wong Yang Sung v McGrath, 339 US 33, 48-51, 94 L Ed 616, 70 S Ct 445 (1950) (right to formal hearing in deportation proceedings).

In this case, were we to read Rule 32 to dispense with notice, we would then have to confront the serious question whether notice in this setting is mandated by the Due Process Clause. Because Rule 32 does not clearly state that a district court sua sponte may depart upward from an applicable Guidelines sentencing range without providing notice to the defendant we decline to impute such an intention to Congress. See, e.g., Edward J. DeBartolo Corp. v Florida Gulf Coast Building & Construction Trades Council, 485 US 568, 575, 99 L Ed 2d 645, 108 S Ct 1392 (1988) ("[W]here an otherwise acceptable construction of a statute would raise serious constitutional problems, the Court will construe the statute to avoid such problems unless such construction is plainly contrary to the intent of Congress").

## III

**[1d][5a]** We hold that before a district court can depart upward on a ground not identified as a ground for upward departure either in the presentence report or in a prehearing submission by the Government, Rule 32 requires that the district court give the parties reasonable notice that it is contemplating such a ruling. This notice must specifically identify

[501 US 139]

the ground on which the district court is contemplating an upward departure.[6]

Petitioner did not receive the notice to which he was entitled under Rule 32. Accordingly, the judgment of the Court of Appeals is reversed, and the case is remanded for further proceedings consistent with this opinion.

© 2006 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to th restrictions and terms and conditions of the Matthew Bender Master Agreement

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

Office Of Professional Responsibility

In Re, Keith M. Sands, Vs. Misconduct of Attorney Michael J. Gardiner

Criminal No:00-Cr-0020-T

Civil Action No:01-cv-0503

AFFIDAVIT /COMPLAINT

To, The Chief Judge; and or Members of the Bar investigating misconduct of Attorneys whom are allowed to practice Law in this First Circuit's U.S. District Courts.

From, The Pro-se Complainant, Keith M. Sands # 04823-070
U.S. Penitentiary, Canaan. P.O. Box 300, Waymart. P.A. 18472

Re, This Affidavit / Complainant is written and duly sworen so as to formally commence an investgation into the unethical misconduct and deficient performance that borders a criminal practice of law where Attorney Michael J. Gardiner unilaterally choose not to file a requested "Notice Of Appeal" in the above captioned criminal case. At sentencing, where it became clear to this Complainant, that the government had intent on enhancing this complainant's sentence by labeling me as a "Career Offender" without prior notice as is lawfully required by 21 U.S.C. 851/and or Burns Vs. U.S. 501 US.129 (1991) at Fed.R.Crim.Proc. 32(h).
In short, Attorney M.J. Gardiner's unethical conduct in refusing to file the requested "notice" is-according to the U.S. Supreme court, Per-se ineffective assistance, and the prejudice caused this Complanant not to receive a direct appeal on those sentencing issues, whether to win/or to loss...it is lost without the requested "notice"...see the opinion in Roe Vs. Flores-Ortega, 528 US. 470, 145 L.Ed.2d. 989 (2000) Id.@ 989.

Moreover, according to the admonition of the U.S. Supreme Court, if Attorney Gardiner truely believed there were no viable avenues of relief, and the client insist on appeal, then the Attorney is required by law, to file the requested "Notice Of Appeal" on his clients behalf, and then file an Ander's Brief, see Anders Vs. California

This unilateral action on part of any defense Counselor is woefully unethical, highly prejudice, and it is tantamount to a"directed approval" of the sentence that is being enhanced without the notice requirements so cited above.

At a bear minimum, this Pro-se Complainant should be, according to the Supreme Court, in Roe Vs. Flores-Ortega, supra, entitled to an evidentiary hearing on the limited questions of...whether Mr. Gardiner violated the Precedent established by the Supreme Court in Roe Vs. Flores Ortega, and (ii) whether the lack of notice violated due-process as envisioned by the higher Court in Burns Vs. U.S. 501 US. 129, as Statutorally required by Fed.R.Crim.Proc. 32(h)(i), and (iii) whether the lack of notice circumvented Congressional intent and purpose of enacting the notice reqirements in the Federal statute at 21 U.S.C. 851...

Wherefore all of the herein written reasons inter-alia, this Court should demand Mr. M.J. Gardiner "Show Cause" for his unethical mis-conduct, in a written response to this office and to this Complainant within 15 days of this complaint.

Respectfully Submitted
by K.M. S. 04823-070
On this date of 10/2/06

Certification Of Serice

I K.M. S. Certify that a true copy of this Complaint was recorded by Prison Officals and mailed postage pre-paid, to the last known address of the Attorney above mentioned, and a copy was mailed to the U.S. District Court on this date.

I K.M. S. Certify that the herein written is true and correct pursuant to title 28 U.S.C. 1746.

UNITED STATES COURTS FOR THE FIRST CIRCUIT
OFFICE OF THE CIRCUIT EXECUTIVE
JOHN JOSEPH MOAKLEY UNITED STATES COURTHOUSE
1 COURTHOUSE WAY - SUITE 3700
BOSTON, MA 02210

GARY H. WENTE
CIRCUIT EXECUTIVE
617-748-9613

FLORENCE PAGANO
ASSISTANT CIRCUIT EXECUTIVE
617-748-9376

October 17, 2006

Keith M. Sands #04823070
U.S.P. Canaan C-1
P.O. Box 300
Waymart, PA 18472

Re: Attorney Misconduct

Dear Mr. Sands:

In response to your recent submission, dated October 2, 2006, this office does not handle complaints of attorney misconduct. As it appears from your materials that Attorney Gardiner would likely me a member of the Rhode Island State Bar, I suggest that you contact the Ethics Advisory Panel of the Rhode Island Supreme Court for further information about how to file a complaint against of member of the Rhode Island Bar. The address is Ethics Advisory Panel, Rhode Island Supreme Court, John E. Fogarty Judicial Annex, 24 Weybosset Street, 2nd Floor, Providence, RI 02903. I have returned your materials, should you wish to resubmit them to the appropriate agency.

Sincerely,

Flor Pag

Florence Pagano